Yolanda Rios CORTES, Petra Zaldo, Alicia Molina, Eva Molina Aviles, Norma Molina Cruz, and Olga Molina Medina, Plaintiffs,

v.

COMMONWEALTH OF PUERTO RICO; Administración de Fomento Co-operativo; Housing Co-operative Villa Flores; Benigna Arroyo Lorenzi; Luis Lorenzi; and Luz Delia Arroyo, Defendants.

Civ. No. 62–66.

United States District Court
D. Puerto Rico.

July 8, 1969.

Ramón A. Martinez, Reginald J. Barney, San Juan, P. R., Deopoldo Tormes Garcia, Ponce, P. R., for plaintiffs.

Santiago C. Soler Favale, Atty. Gen., Commonwealth of Puerto Rico, Miguel A. Suarez-Burgos, Asst. Atty. Gen., Commonwealth of Puerto Rico, William E. Naveira, Atty., San Juan, P. R., Dept. of Justice of Puerto Rico, and Arturo Aponte-Pares, Atty., Commonwealth of Puerto Rico, San Juan, P. R., for defendants.

OPINION

CAFFREY, District Judge.*

This matter came before the Court on the basis of plaintiffs' motion filed December 17, 1968 "to set aside and hold for naught the order of dismissal heretofore entered in this case on December 18, 1967 * * *" and on the basis of defendants' motion filed March 7, 1969 on behalf of the Commonwealth of Puerto Rico and the Administracion De Fomento Cooperativo for an order of this Court denying plaintiffs' motion.

Plaintiffs' motion attacked and sought the vacating of an order entered by another non-resident United States district judge, the Honorable William N. Goodwin, who sat on an earlier stage of this case, which order dismissed the case on the grounds of sovereign immunity not only as to the defendants Commonwealth of Puerto Rico and Administracion De Fomento Cooperativo, but also as to the defendant Housing Cooperative Villa Flores, a domestic Puerto Rico co-operative corporation. The one-year delay between the filing of the order in December 1967 and plaintiffs' filing a motion to set aside in December 1968 is explained by the fact that plaintiffs unsuccessfully tried to appeal that order. Subsequent to the entry of the order of December 18, 1967, plaintiff attempted to take an appeal therefrom to the Court of Appeals for this Circuit. A notice of appeal from the order was filed on January 15, 1968. This culminated in a *per curiam* opinion and order of the Court of Appeals handed down on September 18, 1968, dismissing the appeal for lack of appellate jurisdiction while observing, in part, "This case involves a number of substantial foul-ups, not all of which need be mentioned." The specific reason for the lack of appellate jurisdiction was the failure of the district judge who entered the order of December 18, 1967 to comply with certain provisions of Rule 54(b) of the Federal Rules of Civil Procedure, with regard to an "express determination" and a "direction to the Clerk."

* Sitting by designation.

Within ten days after the informal conference with counsel at which an erroneous, but good faith, misrepresentation was made to this Court as to the status of the appeal in the case of Alcoa Steamship Co., Inc. v. Perez, 295 F.Supp. 187 (D.P.R.1968), the Court of Appeals for the First Circuit handed down an opinion in Salkin et al. v. Commonwealth of Puerto Rico, 408 F.2d 682, affirming a ruling of Judge Goodwin which squarely passed on and upheld the application of the doctrine of sovereign immunity in favor of the Commonwealth of Puerto Rico. This opinion of the Court of Appeals, written by Chief Judge Aldrich, expressly approved the application of Law No. 104 of June 1955, 32 L.P.R.A., section 3077, and stated in pertinent part (p. 683):

> "We believe that the district court was correct in holding that the suit could not be brought in federal court * * *."

and concluded with the observation (p. 683):

> "We have reviewed such legislative history as has been furnished us by the parties and conclude that plaintiffs have failed to overcome the well established federal deference to the right of a sovereign power to withhold all consent to suit, or to grant consent under whatever conditions it wishes."

In view of this clear and unambiguous ruling by the Court of Appeals no useful purpose is now to be served herein by waiting for a decision of the Court of Appeals in Alcoa Steamship Co. v. Perez, inasmuch as the ruling of Chief Judge Cancio in that case is completely consistent with the ruling of the Court of Appeals in the *Salkin* case.

With regard to the merits of this case in the area of sovereign immunity, I rule that plaintiffs' motion to set aside and hold for naught the order of dismissal entered in the case on December 18, 1967 should be denied as to the defendants Commonwealth of Puerto Rico and Administracion De Fomento Cooperativo. However, I further rule that on the basis of the observation contained in the unpublished opinion of the Court of Appeals, "We also observe that there was no possible ground for extending immunity to the private corporation," the order of December 18, 1967 should be vacated as to the defendant Housing Cooperative Villa Flores. Conversely, the motion of defendant Commonwealth of Puerto Rico for an order denying plaintiffs' motion is allowed as to defendants Commonwealth of Puerto Rico and Administracion De Fomento Cooperativo, but is denied as to defendant Housing Cooperative Villa Flores.

To put this case in a posture in which the parties may pursue an appeal with finality on that portion of the case which relates to the Commonwealth of Puerto Rico and the Administracion De Fomento Cooperativo, pursuant to the provisions of Rule 54(b), Federal Rules of Civil Procedure, I make an express determination that there is no just reason for delay in the entry of judgment with regard to these two defendants and I expressly direct the Clerk to enter judgment forthwith for the Commonwealth of Puerto Rico and Administracion De Fomento Cooperativo.

In the interests of further finalizing the status of the parties-defendant herein, I also make a determination that there is no just reason for delay in entering judgment re-instating Housing Cooperative Villa Flores as a party defendant and I expressly direct the Clerk to enter such a judgment forthwith.

Finally, it should be noted that whether or not an appeal is taken with regard to these three defendants this case has been pending since 1966 and the file indicates that no pre-trial discovery has been attempted on behalf of any party and that all parties defendant were defaulted. It further appears from the file that the only motion to remove the defaults was filed by the Commonwealth of Puerto Rico on behalf of itself, the Administracion De Fomento Cooperativo, and Housing Cooperative Villa Flores. No application on behalf of the individual defendants named herein was

ever filed seeking removal of the defaults against them.

The Clerk of this Court is directed hereby to notify all parties to this case that the defaults previously entered against all parties other than the Commonwealth of Puerto Rico and Administracion De Fomento Cooperativo will be made final thirty days after the filing in the Clerk's office of this opinion, unless each presently defaulted defendant files a separate motion to remove the default against him, or it, as the case may be, together with an affidavit setting out what good cause, if any, is relied on as a basis for the motion to remove default, together with a memorandum of law in support thereof. Plaintiffs may file counter-affidavits in opposition to any such motions that may be filed herein, together with a memorandum of law, within sixty days after the filing in the Clerk's office of this opinion.

Judgment accordingly.