Yolanda Rios **CORTES** et al., Plaintiffs,
Appellants,

v.

**COMMONWEALTH OF PUERTO RICO**
et al., Defendants, Appellees.

No. 7410.

United States Court of Appeals,
First Circuit.

March 6, 1970.

Ramon A. Martinez, San Juan, P. R.,
with whom Reginald J. Barney, San
Juan, P. R., was on brief, for appellants.

Peter Ortiz, Asst. Sol. Gen., with
whom Gilberto Gierbolini, Sol. Gen., was
on brief, for appellees.

Before ALDRICH, Chief Judge, Mc-
ENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

This is an appeal by a number of
plaintiffs who sue the Commonwealth of
Puerto Rico, in what they term a "re-
taliatory action arising from a condem-
nation suit instituted in the Superior
Court of San Juan * * * by the
Commonwealth." Plaintiffs, being citi-
zens of New York, removed the condem-
nation suit to the District Court, but it
was remanded. By the present action
they seek to circumvent that order, the
remand not being appealable. We need
not decide whether the remand was res
judicata. But cf. In re LaProvidencia
Dev. Corp., 1 Cir., 1969, 406 F.2d 251.
The Commonwealth moved to dismiss,
asserting sovereign immunity. The mo-
tion was granted, 301 F.Supp. 262, and
plaintiffs appeal.

Plaintiffs apparently concede
the correctness of our decision in Salkin
v. Commonwealth, 1 Cir., 1969, 408 F.
2d 682—and if they do not, we have no
intention of reconsidering it—but they
make several attempts to render it inap-
plicable. The first is a claim that ac-
ceptance by the Puerto Rico legislature
of 48 U.S.C. § 863, was a legislative
waiver of sovereign immunity whenever
suit would lie in the District Court.
This argument, at least inferentially
ruled out in *Salkin*, is without merit.
Section 863 is a jurisdictional provision,
not one of substantive law, and does not
purport to remove a defense of immunity
any more than it does any other defense.
Nor is the principle of governmental im-
munity inapplicable merely because
plaintiff is making a constitutional
claim. *See* Parden v. Terminal R. Co.,
1964, 377 U.S. 184, 186, 84 S.Ct. 1207,
12 L.Ed.2d 233.

This is enough to dispose of plaintiffs' case, but we cannot forbear comment upon plaintiffs' second novel, and frivolous, contention that the Puerto Rico condemnation statute, General Condemnation Law of March 12, 1903, now 32 L.P.R.A. § 2901 *et seq.*, is unconstitutional. Plaintiffs take a passing remark in our opinion in People of Puerto Rico v. Eastern Sugar Associates, 1 Cir., 1946, 156 F.2d 316, cert. denied 329 U.S. 772, 67 S.Ct. 190, 91 L.Ed. 664, to the effect that no question was there raised as to the constitutional validity of the "procedures" provided for condemnation, or the assumption by the Insular Legislature in 1903 that it had power to condemn, 156 F.2d at 320 and 321, as a "momentous decision." Complimented as we may be by the respect expressed in plaintiffs' brief for our opinions,[1] we are less than complimented by plaintiffs' assumption that we would have upheld the taking if we had constitutional doubts merely because the question was not argued. If our remark could suggest there might be a question whether, in 1903, while operating under the Foraker Act of April 12, 1900, 31 Stat. 77, the Puerto Rico Legislature had powers of condemnation, this was an intellectual inquiry, of no legal relevancy. The fact that the statute may have been originally void because of lack of legislative power, does not mean that it remained void after the Jones Act of March 2, 1917, 39 Stat. 951, when the legislature, as plaintiffs concede, obtained full power. Plaintiffs admit that the defect could have been "speedily corrected by the simple expedient device of re-enacting the same law." They overlook the relevant portion of the Jones Act itself, 39 Stat. 968, formerly 48 U.S.C. § 735,[2] continuing "in force and effect" all laws not expressly modified. As a matter of construction this could not have been meant to continue laws except those apparently in force in 1917 but as to which some prior, but remediable, defect might be later established.

Affirmed.

---

1. "The sententious language of an appellate tribunal is not to be taken idly or ignored. It means what it says and carries great weight. It reflects the prestige of a plural intelligence; it is the resulting, distillate of the serious deliberations of learned minds; and, it carries the impact of judicial responsibility in the establishment of *stare decisis* law."

2. The subject matter of this provision is now covered by Article IX, § 1 of the Puerto Rico Constitution, and section 735 was repealed, to take effect in 1952 when the Constitution of Puerto Rico became effective.