## TOA BAJA DEVELOPMENT CORPORATION

v.

**Ramon GARCIA SANTIAGO, the Planning Board of Puerto Rico, Francisco Lizardi, the Public Works Department of Puerto Rico.**

### No. 651–68.

United States District Court,
D. Puerto Rico.

May 5, 1970.

Wallace Gonzalez Oliver, Santurce, P. R., for plaintiff.

Rafael A. Rivera Cruz, Asst. Atty. Gen. for the Commonwealth of P. R., Department of Justice, San Juan, P. R., for defendant.

## ORDER and MEMORANDUM OPINION

FERNANDEZ-BADILLO, District Judge.

The complaint in this case charges each of the defendants with engaging under color of law in illegal, discriminatory and abusive acts which deprived plaintiff of its property without due process of law and without due compensation. It is specifically alleged, that plaintiff corporation submitted to the Planning Board of Puerto Rico for approval plans for the construction of an urbanization on a tract of land owned by it. On August 19, 1965 said agency issued a resolution approving a preliminary development of the urbanization and three years later it approved construction plans. It is further alleged that by virtue of these resolutions the Planning Board issued a declaration for public use of a strip of land which would comprise certain lots for the construction of an expressway. Plaintiff contends that notwithstanding countless efforts on its part, no action has been taken by defendants either for approval of any development of said parcel or for the acquisition of the same by the Commonwealth of Puerto Rico as a result of which its property has been "frozen" for three years. Accordingly, plaintiff seeks injunctive relief against the "oppressive and discriminatory use of powers allegedly conferred by law to the above named defendants", or in the alternative, that defendants be ordered to acquire the said land and pay plaintiff its reasonable value which is $350,000.-00. Relief is also sought in the form of damages. Jurisdiction is invoked under the Civil Rights Act, 42 U.S.C. § 1983.

Defendants filed a Motion to Dismiss setting forth eight grounds which in their opinion justified dismissal. Said motion is denied insofar as

co-defendants Ramón García Santiago, President of the Planning Board and Francisco Lizardi, Secretary of Public Works are concerned because the complaint states a cause of action against these defendants in their individual capacity. See: Inmobiliaria Borinquen, Inc. v. García Santiago et al., 295 F. Supp. 203 (D.C.P.R., 1969); Dugan v. Rank, 372 U.S. 609, 83 S.Ct. 999, 10 L.Ed. 2d 15 (1962). The Court shall limit its discussion to paragraph numbered two of the Motion to Dismiss which reads as follows:

"That the Planning Board of Puerto Rico and the Public Works Department are instrumentalities of the Commonwealth of Puerto Rico and as such lack juridical personality to sue and be sued."

For the reasons which shall be stated in brief the Motion to Dismiss is granted as to the two Commonwealth agencies The Planning Board of Puerto Rico and The Department of Public Works.

 It is agreed that the Commonwealth of Puerto Rico enjoys sovereign immunity and cannot be sued in the federal courts without its consent. Salkin v. Commonwealth of Puerto Rico, 408 F.2d 682 (1st. Cir., 1969), Ríos v. Commonwealth of P. R., 422 F.2d 1308, decided on March 6, 1970. In the *Ríos* case our Court of Appeals affirmed the dismissal of the action against the Commonwealth of Puerto Rico and Administración de Fomento Cooperativo, a Commonwealth agency, on the ground of sovereign immunity. The Planning Board of Puerto Rico and the Department of Public Works are governmental instrumentalities without power to sue or be. sued.[1] A statement made in United States Department of Agriculture v. Hunter, 171 F.2d 793, (5th Cir., 1949) is applicable here:

"While cases may be found in which a department or bureau of the Government has been suffered to assert rights, the Department of Agriculture is not truly a juridical person, being neither an individual nor a corporation. It is an agency of the Government, not empowered to sue, or to be sued in evasion of sovereign immunity * * *. The Secretary however is a person. If he by affirmative act exceeds his lawful authority or threatens to do so, to the injury of established rights, he may be enjoined, for in such circumstances he is not truly representing the Government." (Page 795)

The principle of the unsuability of an unconsenting sovereign and its agencies was also dealt with in Blackmar v. Guerre, 342 U.S. 512, 72 S.Ct. 410, 96 L.Ed. 534 (1952) where the Court observed:

"When Congress authorizes one of its agencies to be sued *eo nomine*, it does so in explicit language, or impliedly because the agency is the offspring of such a suable entity.

Since the Civil Service Commission is not a corporate entity which Congress has authorized to be sued, a suit involving the action of the Commission generally must be brought against the individual Commissioners as members of the United States Civil Service Commission. No such suit was brought here, and no service was had upon the individuals comprising the Civil Service Commission. Therefore, neither the individuals comprising the Civil Service Commission nor the Commission as a suable entity was before the District Court."

---

1. The Planning Board of Puerto Rico is part of the Office of the Governor, 23 L.P.R.A. § 1 (Appendix), being, thus, a part of the executive branch of the Commonwealth government and is regulated by the Puerto Rico Planning and Budget Act, 23 L.P.R.A. § 1 et seq. The Department of Public Works is a Cabinet-level executive agency headed by a Secretary, Article IV, Section 6 of the Constitution of Puerto Rico; 3 L.P.R.A. § 411 et seq.

See also: McCoy v. Louisiana State Board of Education, 229 F.Supp. 735 (E.D.La.1964) reversed on other grounds 345 F.2d 720 (5th Cir. 1965); Gnotta v. United States, 415 F.2d 1271, 1277 (8th Cir. 1969).

Neither of the two Commonwealth agencies here involved have specific authorization to sue or be sued within their scope of powers and duties. No valid reason has been advanced which would justify withdrawal of the protection of sovereign immunity from them. The plaintiff has argued that if the sovereign immunity doctrine were to apply to the two Commonwealth agencies that "the worst legal effect and impact would be that a misjoinder of parties has taken place." Plaintiff's main thrust against the immunity argument is that the same was already disposed of in prior cases before this Court. To this effect it cites the cases of Jorge Jiménez et al. v. Miguel Hernández Agosto et al., Civil 265–66 and Jorge Jiménez et al. v. Miguel Hernández Agosto et al., Civil 588–67. Although the Court there denied dismissal, these cases do not serve plaintiff's purpose. The manner in which the Court treated the sovereign immunity contention raised in the Motion to Dismiss filed in Civil Case No. 265–66 indicates that once the action was dismissed as to the Commonwealth, it continued against the remaining defendants, as private individuals, for their wrongdoings. In the opinion of November 21, 1966[2] the immunity issue was touched upon in footnotes 3 and 5 which are worth quoting:

Footnote 3 states:

"At the hearing on defendant's motion to dismiss it was stipulated that, by agreement of the parties, the motion should be dismissed as to the Commonwealth and as to the Governor and the Secretary of Justice, the latter two having been named as parties solely to meet the requirement of giving them notice.

The remaining individual defendants are the Secretary of Agriculture (Miguel Hernández Agosto), the Executive Director of the Social Programs Administration within that department (José Gracia Anselmi) and the President of the Puerto Rico Planning Board (Ramón Garcia Santiago). The administration of the Title VI 'Individual Farm Program' is entrusted to the Social Programs Administration under the direction and supervision of the Secretary of Agriculture. * * * The Planning Board, consisting of three members, is part of the office of the Governor, and performs many duties in connection with Commonwealth planning and zoning. 23 L.P.R.A. §§ 1–60 (1964 & Supp.1965). It may study local planning problems and provide consulting services to other agencies on request, 23 L.P.R.A. § 14 (1964)."

Footnote 5 reads:

" * * * To the defense of sovereign immunity, we observe that the complaint has been dismissed as to the Commonwealth of Puerto Rico, see n. 3 *supra,* and that the remaining individual defendants, who are officials of the Commonwealth purporting to act in their official capacity, are not protected by sovereign immunity. Ex parte Young, 1908, 209 U.S. 123 [28 S.Ct. 441, 52 L.Ed. 714] * * *"

*Ex parte Young* announced the oft repeated rule that if the act which the state official seeks to enforce is a violation of the federal Constitution said officer in so proceeding comes into conflict with the superior authority of the Constitution, is stripped of his official

---

2. The three judge court there stated that "the sole issue with which we are now concerned is whether this court has jurisdiction; whether in other words, the facts alleged place in issue the constitutionally of title VI of the Land Law of Puerto Rico, which provides for the acquisition of land to be distributed for individual farms." The Court declined jurisdiction and subsequently an order was entered dissolving the three judge court and returning the case for further proceedings before the district judge.

or representative character and is subject in his person to the consequences of his individual conduct.

Moreover, in that same case the plaintiffs filed a Motion for Relief from Judgment and/or Order under Rule 60, Federal Rules of Civil Procedure, to obtain relief from the aforementioned opinion of November 21, 1966 in which they specifically prayed that the dismissal of the complaint as recited in footnote number 3 of the opinion of the three judge court be limited solely to the Commonwealth Governor and the Commonwealth Secretary of Justice. Plaintiffs' attorneys expressly noted in said motion that "we stated [in response to the Court's inquiry] that we would agree to such a dismissal so long as such dismissal did not affect the Department of Agriculture, Administracion de Programas Sociales and the Planning Board of Puerto Rico" and further "that the mention of the Commonwealth government must have escaped the attention of the undersigned attorney, since the undersigned would have felt that the issues, as well as the remedies, would have been changed." The three-judge court entered an order on December 7, 1966 denying the motion for Relief under Rule 60.

■ In the face of this, it is not so clear that either the case discussed or its companion action, Civil No. 588–67, disposed of the sovereignty matter raised as plaintiff urges upon us. The Court now holds that the immunity of the Commonwealth of Puerto Rico as sovereign extends to its agencies, The Planning Board and The Department of Public Works. See: Krisel v. Duran, 258 F. Supp. 845 (S.D.N.Y.1966).

A closing word must be said on the question of whether a government dependency or agency can be included within the definition of the word "person" under the Civil Rights Act, 42 U. S.C. §§ 1981 et seq. It has been held that the United States is not a person within the meaning of this section. Broome v. Simon, 255 F.Supp. 434 (D. C.La.1966); a state or its governmental subdivisions active in their sovereign capacity are not liable under the Act, Hewitt v. City of Jacksonville, 188 F.2d 423 (5th Cir. 1951), cert. den. 342 U.S. 835, 72 S.Ct. 58, 96 L.Ed. 631; Clark v. State of Washington, 366 F.2d 678 (9th Cir. 1966); neither is a municipal corporation a "person" within the meaning of § 1983. Monroe v. Pape, 365 U.S. 167, 81 S.Ct. 473, 5 L.Ed.2d 492. In Whitner v. Davis, 410 F.2d 24 (9th Cir. 1969) the Court held that a state agency is not subject to liability under the Civil Rights Act because it is not a person within the meaning of 42 U.S.C. § 1983.

For the reasons stated, it is hereby ordered, adjudged and decreed that the Motion to Dismiss filed in behalf of all defendants be granted as to co-defendants The Planning Board of Puerto Rico and The Public Works Department of Puerto Rico; the same is denied as to co-defendants Francisco Lizardi and Ramón García Santiago who shall answer the complaint within ten days after the entry of this order.