**CANADIAN TRANSPORT CO., Ltd.,**
**Plaintiff,**

v.

**PUERTO RICO PORTS AUTHORITY and**
**The Continental Insurance Company,**
**Defendants.**

Civ. No. 363–70.

United States District Court,
D. Puerto Rico.

Oct. 27, 1971.

Antonio M. Bird, Sr., Antonio M. Bird, Jr., San Juan, P. R., for plaintiff.

Arturo Aponte Pares, San Juan, P. R., for the Government of Puerto Rico.

## MEMORANDUM AND ORDER

CANCIO, Chief Judge.

This case is before the Court on defendant Puerto Rico Ports Authority's amended motion to dismiss, which alleges that the Authority exercises governmental functions and is the alter ego of the Commonwealth of Puerto Rico and thus immune from suit in this court unless consented to. Defendant did not demonstrate that its specific activities which gave rise to this case are governmental actions, vis-a-vis proprietary actions, to use the dichotomy resorted to in defendant Authority's memorandum. Rather, the allegations merely point out that some of the Authority's activities are governmental.

■ It is well settled and agreed that the Commonwealth of Puerto Rico is a sovereign, immune from suit unless consented to. See in this respect Alcoa Steamship Co. v. Pérez, 1 Cir., 424 F.2d 433, and In re Northern Trans Atlantic Carriers, D.C., 300 F.Supp. 866. In the case before the Court, the defendant Authority attempts to take on the Common-wealth's attributes of sovereignty so as to be immune from this suit.

■■ The determination as to when a government agency is so related to the Commonwealth so as to be considered one and the same goes to the jurisdiction of the court and federal law controls. The laws of the Commonwealth of Puerto Rico are applicable only insofar as they define the status and nature of the agency and its relation to the sovereign. They serve to illustrate the juridical facts to which the federal criteria will be applied. See Krisel v. Duran, D. C., 258 F.Supp. 845 (1966); affd. 2 Cir., 386 F.2d 179; cert. den. 390 U.S. 1042, 88 S.Ct. 1635, 20 L.Ed.2d 303. These federal criteria are expressed and applied to the Commonwealth of Puerto Rico in the cases of Krisel v. Duran, *supra*, Alcoa Steamship Co. v. Pérez, D.C., 295 F.Supp. 187, modified at 1 Cir., 422 F.2d 433; and Toa Baja Development Corp. v. Garcia Santiago, D.C., 312 F. Supp. 899. Cortés v. Commonwealth, D.C., 301 F.Supp. 262, cited by defendant, is of no aid to the Court since no criteria are expounded therein relevant to the issues herein. *Krisel* points out that the main factor is "whether, in the event plaintiff prevails, the payment of the judgment will have to be made out of the state treasury," p. 849. "Other relevant factors are whether the agency is performing a governmental or proprietary function; whether it has been separately incorporated; the degree of autonomy over its operations; whether it has the power to sue and be sued and to enter into contracts; whether its property is immune from state taxation, and whether the sovereign has immunized itself from responsibility for the agency's operations.", p. 849.

In *Alcoa* the Court stressed the agency's power to sue and be sued; inquired into the type of functions performed by the agency and into the source of the funds in case of judgment for plaintiff —p. 190–191.

In the *Toa Baja* case the main factor applied was the right to sue and be sued

within the scope of the agency's powers and duties—p. 902.

We will analyze the Puerto Rico Ports Authority to determine how interrelated it is to the Commonwealth, applying the criteria expressed in the cases. All these relevant factors must be weighed to determine whether to apply the doctrine of sovereign immunity to the agency.

██ Even though one of the criteria is not controlling over all others, there are two which are of more importance than the others and have been more consistently applied. The first important factor is the determination of the source of the funds to pay a judgment favorable to plaintiff. Clearly if the funds must come from the Commonwealth treasury, the Commonwealth will have a more than passing interest in the litigation. In determining this fact, the Court studies how the Commonwealth has immunized itself from the obligations incurred by the agency (This was a very important element in *Krisel* and *Alcoa*).

██ The other important factor is whether the agency has the power to sue and be sued. This factor was stressed in all three cases. *Alcoa* included the proposition that the general waiver of the Commonwealth's sovereign immunity in Law No. 104 of June 29, 1955 as amended, was restricted to suits in the local courts, 295 F.Supp. at 198. Clearly if the agency's organic act provides for authority to sue and be sued with no restrictions, a general waiver can be implied for suits in any court of competent jurisdiction.[1]

██ By applying these criteria and the others mentioned before to the Puerto Rico Ports Authority, we conclude that it is a public corporation with sufficient identity and distinction, vis-a-vis the Commonwealth government, so as to be liable to be sued herein. In the case

at bar, the agency, and not the Commonwealth, is the real party in interest.

Sections 331 to 354 of Volume 23 of the Laws of Puerto Rico Annotated, which contain the Organic Act of the Puerto Rico Ports Authority, is clear in granting fiscal autonomy to the Authority—23 L.P.R.A. § 333(b) ends with:

The debts, *obligations*, contracts, bonds, notes, debentures, receipts, expenditures, *accounts*, funds, undertakings, and property of the Authority, its officers, agents or employees shall be deemed to be those of said government-controlled corporation and not to be those of the Commonwealth of Puerto Rico or any office, bureau, department, commission, dependency, municipality, branch, agent, officer or employee thereof. (Emphasis added)

23 L.P.R.A. § 336(u) provides:

That the Authority shall have no power at any time or in any manner to pledge the credit or taxing power of the Commonwealth of Puerto Rico or any of its political subdivisions, nor shall the Commonwealth of Puerto Rico or any of its political subdivisions be liable for the payment of the principal or of interest on any bonds issued by the Authority.

23 L.P.R.A. § 333 in turn provides:

(b) The Authority hereby created is and shall be a governmental instrumentality and public corporation in the Economic Development Administration subject, as provided herein, to the control of the Economic Development Administrator, *but it is a public corporation having legal existence and personality separate and apart from that of the Government and any officer thereof.* (Emphasis added)

This fiscal autonomy is clearly confirmed by 23 L.P.R.A. § 354, which makes the Authority pay to the Commonwealth the sum of $400,000 every year from the "remainder of the income

---

1. *Krisel* points out further that even if there is no waiver in the agency's organic act, if the agency is not the alter ego

of the Commonwealth, it will not be immune. (258 F.Supp. at 854)

of said Authority corresponding to the preceding fiscal year, after meeting for the said fiscal year the operating and maintenance expenses of the Authority, the principal of and interest on its outstanding obligations and the reserves established by the Authority for such purposes (the remainder of which income shall be hereinafter known as 'net income')."

This is sufficient to convince the Court that the Commonwealth government has no direct monetary interest in this litigation. Section 336(e) of Volume 23 of the Laws of Puerto Rico Annotated gives the Authority the power "to sue and be sued." There are none of the qualifications pointed out in *Alcoa, supra.* This amenability to suits is such that in the case of holders of the Authority's securities, it is expanded to the point where they can "apply in an appropriate judicial proceeding to *any court of competent jurisdiction in Pureto Rico for the appointment of a receiver of the undertakings,* or parts thereof, * * *."—23 L.P.R.A. § 343. From this it is clear that the law gives the Authority complete judicial personality to appear in any forum, including this court.

■ It is true, as defendants point out in their memorandum, that the Authority is linked to the Economic Development Administration, and its director is the Administrator of Economic Development Administration, but it is also clear that normally a public corporation must have some connection with and control from the general government. This factor alone cannot defeat the clear intention of the law to create a distinct and separate entity from the Commonwealth.[2]

This clear intention is manifested in the first part of Section 333(b) of the Laws of Puerto Rico Annotated, which provides:

The Authority hereby created is and shall be a governmental instrumentality and public corporation in the Economic Development Administration subject, as provided herein, to the control of the Economic Development Administrator, *but it is a public corporation having legal existence and personality separate and apart from that of the Government and any officer thereof.* (Emphasis added)

Some of the powers of the Authority outlined in 23 L.P.R.A. § 336 are the following:

(a) To have perpetual existence as a corporation;

  \*   \*   \*   \*   \*   \*

(p) To accept grants from, and enter into contracts, leases, agreements, or other transactions with, any Federal agency, the Commonwealth of Puerto Rico, or political subdivisions of the Commonwealth of Puerto Rico, and to expend the proceeds of any such grants for any corporate purposes;"

This separation between the Authority and the Commonwealth is so complete that the drafters of the law included an agreement by the Commonwealth not to vary the powers of the Authority as they relate to the ability to pay outstanding securities—23 L.P.R.A. § 350.

The only factors that would tend to tip the balance towards a finding that the Authority and the Commonwealth are one and the same in this litigation other than the ones already discussed are that the Authority's property is tax-exempt—23 L.P.R.A. § 348—and that it is engaged in some regulatory activity: 23 L.P.R.A. § 336(e) sets fees for certain services, and 23 L.P.R.A. §§ 451–451q regulates water sports and motor boats.

Nevertheless, these are but two, and not the most important, of the many factors that are considered in reaching a conclusion in a case like this. They make the court's decision somewhat

---

2. We are not deciding that the Economic Development Administration cannot be sued in this court.

more difficult to reach but do not alter it.

It was the intention of the Legislature of Puerto Rico to create a corporation, separate from the Commonwealth of Puerto Rico, with a juridical personality distinct from the Commonwealth, and as such we will treat it. The final disposition of this case does not directly affect the Commonwealth Treasury. Therefore, the Commonwealth is not a party in interest. The Puerto Rico Ports Authority is not the alter ego of the Commonwealth of Puerto Rico and the Commonwealth's sovereign immunity does not extend to it.

For the aforesaid reasons, the amended motion to dismiss filed herein by defendant Puerto Rico Ports Authority is denied.

Defendant is granted fifteen (15) days within which to answer the complaint herein.

It is so ordered.