**Juan F. PLA AGUIRRE, Plaintiff,**

v.

**The COMMONWEALTH OF PUERTO RICO et al., Defendants.**

**Civ. No. 283–71.**

United States District Court,
D. Puerto Rico.

Aug. 29, 1972.

Oswald E. Perkins, Santurce, P. R., for plaintiff.

Gilberto Gierbolini, Sol. Gen. and José A. Anglada-Segarra, Department of Justice, Commonwealth of Puerto Rico, Old San Juan, P. R., for defendants.

## FINDINGS OF FACT AND CONCLUSIONS OF LAW

TOLEDO, District Judge.

This is an action for damages filed by plaintiff, Juan F. Pla Aguirre, against the Commonwealth of Puerto Rico, the Governor of Puerto Rico and the Administrator of the Personnel Office of the Government of Puerto Rico. Jurisdiction of this Court is asserted on the basis of Section 737, Title 48, United States Code; Section 1343(3) and/or (4), Title 28, United States Code and Section 1331, Title 28, United States Code.

The aforesaid remedy is sought on the alleged basis that on February 1, 1971, defendant, Administrator of Personnel Office of Puerto Rico, instructed the Police Department to retire plaintiff from his position in the Criminal Investigation Corps, to become effective on May 9, 1971. The Administrator's action was allegedly taken pursuant to the provi-

sions of Law 447 of May 15, 1951, Sections 761–829, Title 3, Laws of Puerto Rico Annotated. The retirement action of plaintiff from his position is supposedly based on his disability to continue in the service as a result of an accident suffered in the line of duty. Plaintiff alleges that he is entitled to retirement under the provisions of Law Number 127 of June 27, 1958, as amended, Section 377(1)(e) of Title 25, Laws of Puerto Rico Annotated, rather than under the Law Number 447, previously mentioned.

On November 1, 1971, all of the defendants filed motions to dismiss, supported by a memorandum of law. No motion in opposition and supporting memorandum of law was filed by plaintiff.

In view of the decision entered in the case of Canadian Transport Co., Ltd. v. Puerto Rico Ports Authority and the Continental Insurance Co., 333 F.Supp. 1295 (1971), this Court ordered on January 27, 1972, the defendants to file an amended motion to dismiss and supporting memorandum of law as to whether the government agency of the Personnel Office of the Commonwealth of Puerto Rico and its Administrator have a sufficient identity and distinction, vis-a-vis the Commonwealth Government, therefore not being its alter-ego, as to be liable to be sued herein. Plaintiff was granted ten (10) days to present his opposition to the above amended motion to dismiss.

Defendants filed their amended motion to dismiss on February 17, 1972, and plaintiff filed his opposition on March 1, 1972.

On the basis of the foregoing, the briefs and record in the above captioned cause, and otherwise being duly advised on the premises, the Court makes the following:

## FINDINGS OF FACT

1. Plaintiff was a government employee serving as a criminal investigation corps' agent prior to being separated from the force effective May 9, 1971.

2. Luis A. Ferré is the Governor of codefendant Commonwealth of Puerto Rico.

3. Codefendant Administrator of the Personnel Office of the Commonwealth of Puerto Rico is entrusted with the implementation of the government personnel act as provided by Section 641 et seq., Title 3, Laws of Puerto Rico Annotated.

In view of the above Findings of Fact, the Court makes the following:

## CONCLUSIONS OF LAW

■ The principal issue to be resolved at the present time by this Court is whether an action against the Office of Personnel of the Commonwealth of Puerto Rico is the equivalent to an action against the said Commonwealth.[1]

This issue has been considered in a related line of cases decided by this Court in recent years.

In the case of Courtés v. Commonwealth of Puerto Rico, 301 F.Supp. 262 (1969), affd. 422 F.2d 1308 (1970), cert den. 400 U.S. 837, 91 S.Ct. 76, 27 L.Ed. 2d 71 (1970), the immunity of the Economic Development Administration was upheld since it was determined that the Commonwealth Agency was no more than an arm of the Commonwealth of Puerto Rico.

The case of Courtés v. Commonwealth of Puerto Rico, supra, was cited with the approval by this Court in the case of Toa Baja Development Corp. v. García. The Planning Board of Puerto Rico, Francisco Lizardi, The Public Works Department of Puerto Rico, 312 F.Supp. 899 (1970), in discussing defendants' motion to dismiss on the ground "that

---

1. It cannot be denied that the Commonwealth of Puerto Rico enjoys sovereign immunity and cannot be sued in the Federal Courts without its consent. Salkin v. Commonwealth of Puerto Rico, 408 F.2d 682 (1st Cir. 1969).

the Planning Board of Puerto Rico and the Public Works Department are instrumentalities of the Commonwealth of Puerto Rico and that as such lack juridical personality to sue and be sued. This Court stated:

"In the Ríos case our Court of Appeals affirmed the dismissal of the action against the Commonwealth of Puerto Rico and [the Economic Development Administration] Administración de Fomento Cooperativo, a Commonwealth agency, on the ground of sovereign immunity. The Planning Board of Puerto Rico and the Department of Public Works are governmental instrumentalities without power to sue or be sued" and that "[n]o valid reason has been advanced which would justify withdrawal of the protection of sovereign immunity from them".

Another case which treats the present subject extensively is the case of Krisel v. Duran, et al., 258 F.Supp. 845 (1966). In the Krisel case, this Court expressed the criteria which would determine when a government agency is so related to the Commonwealth of Puerto Rico so as to be considered one and the same. Those criteria are the same that this Court incorporated into its decision in the case of Canadian Transport Co. v. Puerto Rico Ports Authority and the Continental Insurance Company, supra.

■ In summary, we stated that the most important controlling factors to be considered in determining whether to apply the doctrine of sovereign immunity to an agency is if the fund to pay a judgment favorable to plaintiff must come from the Commonwealth Treasury and if the agency has power to sue or be sued.

Other factors such as whether the agency is performing a governmental or proprietary function, whether it had been separately incorporated, the degree of autonomy it has and whether its property was immune from state taxation, etc., are secondary.

The Office of Personnel, created by Act Number 345 of May 12, 1947, was not endowed at that time nor has it ever been endowed with power to sue or be sued.[2] Section 41 of the Personnel Act of 1947 provided that the necessary annual appropriations for compliance with the deposits of said Act should be included in the general budget of expenses of the Insular Government. See Title 3, Laws of Puerto Rico Annotated, Section 641.

All of the powers given to the Director of Personnel[3] and to the Personnel Board have to do with the governmental functions and the implementation of laws and regulations relative to public employment. The Personnel Act is included in that portion of Title 3 of Laws of Puerto Rico Annotated, which has to do with the powers of the executive and those agencies which are a direct arm of the executive and thus alter-ego of the government.

2. Section 641 of Title 3, Laws of Puerto Rico Annotated, states:

"There is hereby created the Office of Personnel of the Commonwealth Government of Puerto Rico, which shall be composed of two (2) divisions, with the power and duties hereinafter stated: (1) the Office of Personnel, the administrative head of which shall be the Director of Personnel; and (2) the Personnel Board, composed of three (3) members and a Secretary of the Board to be appointed as hereinafter provided."

3. The duties and powers of the Director are contained in Section 645 of Title 3, Laws of Puerto Rico Annotated. Section 643, Title 3, Laws of Puerto Rico Annotated created the Office of the Director:

"The Director shall be a bona fide resident of Puerto Rico for a term of not less than five (5) years, and shall be a person who has had experience in personnel administration and who is familiar with its principles and methods and who is in sympathy with the application of merit principles and scientific methods of public employment. He shall be appointed by the Governor of Puerto Rico, by and with the advice and consent of the Senate, for a term of six (6) years, and his salary shall be such as is fixed by law in the General Budgetary Act."

■ The principles embodied in the *Canadian Transport Co.* case as applied to the case at bar, bring us to the conclusion that any judgment rendered against the Office of Personnel would be ultimately payable from the Commonwealth Treasury.

Since it is clear from a reading of the Personnel Act of 1947, as amended, that the Office of Personnel is void of autonomy, it is not necessary for us to discuss the secondary factors which have been established to determine whether a government agency enjoys immunity or not.

In view of the foregoing, and otherwise duly advised in the premises, the Court hereby grants the amended motion to dismiss filed by defendants.