Dominick URSULICH, for and on behalf of the Estate of Dominick Ursulich Soltero, Deceased, Plaintiff,

v.

PUERTO RICO NATIONAL GUARD et al., Defendants.

Civ. No. 510–72.

United States District Court, D. Puerto Rico.

April 18, 1974.

Santiago Polanco Abreu, San Juan, P. R., for plaintiff.

Julio Morales-Sanchez, U. S. Atty., Dept. of Justice, Commonwealth of P. R., San Juan, P. R., for defendants.

OPINION AND ORDER

TOLEDO, Chief Judge.

This cause is before the Court pursuant to codefendant's Commonwealth of Puerto Rico motion to dismiss.

Since on this same day we have disposed, by opinion, of a motion for sum-

mary judgment filed by codefendant United States of America,[1] in which disposition we have asserted the facts involved in this case, we find a reassertion of the facts of this case unnecessary.

It is the position of the Commonwealth of Puerto Rico that the action against it and against the Puerto Rico National Guard must be dismissed for it asserts that the Commonwealth of Puerto Rico enjoys sovereign immunity, for which reason it cannot be sued in this Court without its consent; and that the Puerto Rico National Guard is protected by its immunity, since it is an instrumentality of the Commonwealth of Puerto Rico, without judicial personality to sue or be sued and since the Commonwealth of Puerto Rico would be the one ultimately responsible to the plaintiff for any judgment that he may win against the Puerto Rico National Guard.

The Court at the time the Commonwealth's original motion was filed, deemed the fundamental issue therein presented to be whether the Puerto Rico National Guard has a sufficient identity and distinction, vis-a-vis, the Commonwealth of Puerto Rico, as to be liable to be sued herein. Accordingly, we requested the Commonwealth to consider such question in the light of our decisions on Canadian Transport Co., Ltd. v. Puerto Rico Ports Authority, et al, D.C., 333 F.Supp. 1295 (1971), and Aquirre v. The Commonwealth of Puerto Rico, et al., D.C., 353 F.Supp. 1294 (1972).

Ample memoranda and supplementary memoranda has been filed by the parties in relation to the present consideration.

██ It is an established principle of law in our system, which rests on grounds of public policy, that the sovereign cannot be sued in its own courts or any other court without its consent and permission. It is inherent in the nature of the sovereignty not to be amenable to a suit by an individual without its consent. This principle applies with full force to the several states of the Union. See 57 Am.Jur.2d, S. 24. See also Eleventh Amendment to the Constitution of the United States of America.

██ That the principle is, likewise, applicable to the Commonwealth of Puerto Rico is clear, for the Commonwealth possesses many of the attributes of sovereignty, and has full power of local self-determination similar to the one the states of the Union have. See e. g. Krisel v. Durand (D.C.P.R.1966), 258 F.Supp. 845, affd. (1 Cir. 1967), 386 F.2d 179; Salkin v. Commonwealth of Puerto Rico (1 Cir. 1969), 408 F.2d 682; In Re Northern Transatlantic Carriers Corp. (D.C.P.R.1969), 300 F.Supp. 866. Immunity from suit without its consent is one of those attributes. Such was the state of the law even prior to the creation of the Commonwealth of Puerto Rico, Porto Rico v. Rosaly, 227 U.S. 270, 33 S.Ct. 352, 57 L.Ed. 507 (1913); Puerto Rico v. Shell Co., 302 U.S. 253, 58 S.Ct. 167, 82 L.Ed. 235 (1937); Bonet v. Yabucoa Sugar Co., 306 U.S. 505, 59 S.Ct. 626, 83 L.Ed. 946 (1938).

██ The Commonwealth of Puerto Rico has consented to be sued in suits for damages only in the Courts of the Commonwealth of Puerto Rico. Title 32, Laws of Puerto Rico Annotated, Section 3077. Accordingly, this court has to dismiss for lack of jurisdiction, a tort liability case brought before it against the Commonwealth of Puerto Rico. See Salkin v. Commonwealth of Puerto Rico, supra.

The aforesaid does not dispose of the question whether the action against codefendant Puerto Rico National Guard is maintainable. Its disposition depends upon whether the Puerto Rico National Guard has a sufficient identity and distinction, vis-a-vis the Commonwealth of

1. This action was filed against the United States of America, the Commonwealth of Puerto Rico and the Puerto Rico National Guard. The motion under consideration has been filed on behalf of the Commonwealth of Puerto Rico and the Puerto Rico National Guard.

Puerto Rico, so as to make it amenable to suit.

In Canadian Transport Co. v. Puerto Rico Ports Authority, supra, we stated that there are many relevant factors which must be weighed in order to determine whether to apply the doctrine of sovereign immunity to a governmental agency. We therein stated, at page 1297, that:

"Even though one of the criteria is not controlling over all others, there are two which are of more importance than the others and have been more consistently applied. The first important factor is the determination of the source of the funds to pay a judgment favorable to plaintiff. Clearly if the funds must come from the Commonwealth treasury, the Commonwealth will have a more than passing interest in the litigation. In determining this fact, the Court studies how the Commonwealth has immunized itself from the obligation incurred by the agency * * *.

The other important factor is whether the agency has the power to sue and be sued * * * Clearly if the agency's organic act provides for authority to sue and be sued with no restrictions, a general waiver can be implied for suits in any court of competent jurisdiction."

See also Aquirre v. Commonwealth of Puerto Rico, et al. (D.C.P.R.1972), 353 F.Supp. 1294.

We also said that there are other secondary factors to consider, such as: whether the agency is performing a governmental or proprietory function, whether it has been separately incorporated, the degree of autonomy it enjoys and whether its property is immune from state taxation, etc.

The Puerto Rico National Guard is created by Law No. 28 of April 12, 1917, Title 25, Laws of Puerto Rico Annotated, Section 1 et seq. It is basically a volunteer military organization maintained jointly by the State and Federal Government. Said Law makes the Governor of Puerto Rico the Commander in Chief of it. Title 25, Laws of Puerto Rico Annotated, Section 2. Additionally, Section 30 of the Law authorizes the Secretary of Public Works to purchase and condemn lands for its use.

A full examination of the law that deals with the Puerto Rico National Guard reveals that it does not satisfy the determinative criteria set out in the *Canadian Transport* and *Aquirre* cases. The law reveals that said organization has not been endowed with power to sue or be sued. Title 25, Laws of Puerto Rico Annotated, Section 1 et seq. Additionally, a reading of the law reveals that if a judgment is rendered in favor of the plaintiff, the funds to pay for it would have to come from the Commonwealth's treasury.

■ In our opinion, the Puerto Rico National Guard is the alter-ego of the Commonwealth of Puerto Rico and thereby protected by the latter's sovereign immunity. The fact that the Governor of Puerto Rico is the Commander in Chief of the Puerto Rico National Guard clearly shows that the agency is a direct arm of the executive. That the Commonwealth of Puerto Rico is the real party in interest is clear. Whitten Jr. Inc. v. State University (1 Cir. 1974), 493 F.2d 177 (1974).

In view of the aforesaid, it is unnecessary that we consider the secondary factors and we find that the action against the Puerto Rico National Guard must also accordingly be dismissed.

Wherefore, the Court hereby

Orders, adjudges and decrees that the motion to dismiss filed by the Commonwealth of Puerto Rico must be and is hereby granted; and further

Orders, adjudges and decrees that the present action against the Commonwealth of Puerto Rico and the Puerto Rico National Guard be and the same is hereby dismissed.

It is so ordered.

On Motion for Summary Judgment

This cause is before the Court pursuant to codefendant's United States of America motion for summary judgment.[1]

Plaintiff alleges that through the negligence of the defendants, Mr. Dominick Ursulich Soltero was killed on June 15, 1971, while engaged in maneuvers with the Puerto Rico National Guard in the Island of Vieques.

The Commonwealth of Puerto Rico, in its name and in the name of the Puerto Rico National Guard, has moved to dismiss the present action based on the allegation that the Commonwealth of Puerto Rico enjoys sovereign immunity and cannot be sued in the Federal courts without its consent.[2] Codefendant United States of America filed the today being considered motion asserting that it is not liable for this action.

Inasmuch as the action against the United States of America would have to be brought under the Federal Tort Claims Act, Title 28, United States Code, Section 2671 et seq., we will analyze the facts of this case so as to ascertain whether the Federal Government has consented to be sued in a situation such as this.

The facts as reflected by the entire record before the Court seem to be the following:

1. PFC Dominick Ursulich Soltero was a member of the Puerto Rico National Guard.

2. The Puerto Rico National Guard is a military organization of the Commonwealth of Puerto Rico, attached to the Department of the Army and created by an act of Congress.

3. On or about June 15, 1971, the defendants were engaged in war games and military training maneuvers in the Island of Vieques, Puerto Rico.

4. PFC Dominick Ursulich Soltero was taking part in said maneuvers and war games.

5. For the purpose of said training the defendants used death dealing equipment, including artillery rounds.

6. PFC Dominick Ursulich Soltero was exposed and killed by an artillery round on June 15, 1971.

In view of the foregoing statement of facts, the Court enters the following:

CONCLUSIONS OF LAW

Section 2671 of Title 28, United States Code, states:

"As used in this chapter and sections 1346(b) and 2401(b) of this title, the term—

\* \* \* \* \* \*

"Employee of the government" includes officers or employees of any federal agency, members of the military or naval forces of the United States, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation.

"Acting within the scope of his office or employment", in the case of a member of the military or naval forces of the United States, means acting in the line of duty."

The question at this point seems to be whether the deceased, at the time of the mishap, was, as a National Guardsman, an "employee of the government" as defined by the mentioned Section 2671, of the Federal Tort Claims Act and whether or not he was in active federal service.

According to Title 10, United States Code, Section 3495, members of the Army National Guard of the United States are not in active Federal service except when ordered thereto under law. In addition, section 3079 of that same Title states that:

"When not on active duty, members of the Army National Guard of the United States shall be administered,

---

1. The present action has also been filed against the Puerto Rico National Guard and the Commonwealth of Puerto Rico.

2. The Court at present will dispose of Commonwealth's motion to dismiss under separate opinion.

armed, equipped, and trained in their status as members of the Army National Guard".

Was PFC Dominick Ursulich Soltero on active federal service? From the certification of Colonel Waldo E. Timm, Executive, National Guard Bureau, we gather that he was not in active federal service on June 15, 1971. In addition, we also have the certification of M. Ascar March, Special Assistant to the Attorney General (Personnel), which also states that PFC Dominick Ursulich Soltero was not on active federal service on June 15, 1971.

The question that is posed in this case, was also posed in the case of Maryland v. United States, 381 U.S. 41, 85 S.Ct. 1293, 14 L.Ed.2d 205 (1964). In that opinion, Mr. Justice Harlan, at page 42, 85 S.Ct. at 1294, stated:

> "The question we decide here is whether a civilian employee and military member of the National Guard is an 'employee' of the United States for purposes of the Federal Tort Claims Act when his National Guard unit is not in active federal service."

The above cited case dealt with a mid-air collision between a commercial aircraft and a jet trainer assigned to the Maryland Air National Guard. The only survivor of the accident was the pilot of the jet trainer, and it was not disputed that the collision was caused by his negligence. The court held that the National Guardsman here involved was, in both his civilian and military capacities, an employee of the State of Maryland and, therefore, the United States was not liable under the Federal Tort Claims Act. The court held further that except when called into federal service, the Guard is in charge of the Governor of the State and its military members are state employees.

■ The case of LeFevere v. United States (5 Cir. 1966), 362 F.2d 352, also stands for the proposition that a member of the National Guard is not an "employee" of the Federal Government within the Federal Tort Claims Act. The critical element in determining whether a National Guardsman is an employee of the United States is whether or not he is in active Federal service. Maryland v. United States, supra; LeFevere v. United States, supra; Robin Construction Company v. United States (3 Cir. 1965), 345 F.2d 610; Pattno v. United States (10 Cir. 1962), 311 F.2d 604; Storer Broadcasting Co. v. United States (5 Cir. 1958), 251 F.2d 268; Smithers v. United States (E.D.Ky. 1972), 342 F.Supp. 1384; Sheff v. United States (N.D.Calif.1971), 325 F.Supp. 1082.

In 1960, the 86th Congress, 2d Session (S. 1764 & H.R. 5435), proposed to extend the coverage of the Federal Tort Claims Act to include civilian and military personnel of the National Guard. This proposal was rejected.

■ Thus, we have seen that the law clearly states that PFC Dominick Ursulich Soltero was not an employee of the United States on June 15, 1971, and consequently, this action is not covered by the Federal Tort Claims Act, so as to impose liability against the United States of America.

The plaintiff's herein only federal remedy seems to be under the National Guard Claims Act, Title 32, United States Code, Section 715, which allows a claim of up to $15,000.00, but allows the Secretary of the military department concerned (in this case the Secretary of the Army), to report the excess to Congress for its consideration.

For the foregoing reasons, this Court will enter summary judgment in favor of codefendant United States of America.

It is so ordered.