**Ana Ramos RIEFKOHL, Plaintiff,**

v.

**Carlos ALVARADO, et al., Defendants.**

**Civ. No. 86–113 HL.**

United States District Court,
D. Puerto Rico.

Oct. 24, 1990.

Frank Rodríguez García, Ponce, P.R., for plaintiff.

Rafael García Rodón, García Rodón, Correa–Márquez & Valderas, Hato Rey, P.R., for defendants.

### OPINION AND ORDER

LAFFITTE, District Judge.

Defendants Carlos Alvarado and José R. Cobián, former officials of the Puerto Rico Electric Power Authority ("PREPA"), request that this Court alter its judgment of September 13, 1990 pursuant to Rule 59(e) of the Federal Rules of Civil Procedure. Defendants claim that PREPA is entitled to eleventh amendment immunity and request that this action be dismissed for lack of jurisdiction.

In its prior judgment, the Court held that PREPA had expressly waived its sovereign immunity from suit in federal court. Citing the PREPA Act, the Court noted that the Authority was empowered to "sue or be sued ... in all courts." 22 L.P.R.A. sec. 196(e). Defendants now assert that this language does not specifically indicate PREPA's willingness to be sued in federal court and therefore argue it is insufficient to waive defendants' sovereign immunity. While there is some support for defendants' position that a statute empowering an agency to be sued "in all courts" does not necessarily waive the defense of the eleventh amendment, *see Patsy v. Board of Regents of the State of Florida,* 457 U.S. 496, 102 S.Ct. 2557, 73 L.Ed.2d 172 (1982) (Powell, J., dissenting), the Court nevertheless reaffirms its initial holding that the PREPA consent to suit statute does indeed allow for suit in federal court.

In determining whether a State has waived its eleventh amendment immunity courts must look to whether the statute specifies "the State's intention to subject itself to suit in *federal court.*" *Atascadero State Hospital v. Scanlon,* 473 U.S. 234, 241, 105 S.Ct. 3142, 3146, 87 L.Ed.2d 171 (1985) (emphasis in original). A waiver must be stated " 'by the most express language or by such overwhelming implication from the text as [will] leave no room for any other reasonable construction.' " *Id.* at 239–240, 105 S.Ct. at 3146 (quoting *Edelman v. Jordan,* 415 U.S. 651, 673, 94 S.Ct. 1347, 1361, 39 L.Ed.2d 662 (1974) (internal quotation omitted)). At first blush it would seem that a consent to sue and be sued "in all courts" unequivocally includes federal courts. Yet, in light of the strict requirements articulated by the Supreme Court, there is room to argue that, on its face, such a statute is ambiguous. An examination of the text of the PREPA Act, however, reveals that PREPA is not an "arm" of the Commonwealth of Puerto Rico and is therefore not entitled to eleventh amendment protection.

The relevant factors to be taken into account when deciding whether to apply the doctrine of sovereign immunity to a governmental agency are whether the agency is financially autonomous, whether it functions independent of the State, whether it serves a public purpose and perhaps most importantly, whether a judgment against the agency will be satisfied from its own funds. *See Culebras Enterprises Corp. v. Rivera Rios,* 813 F.2d 506 (1st Cir.1987); *Anaya Serbia v. Lausell,* 646 F.Supp. 1236 (D.P.R.1986). Applying these criteria, the Court concludes that PREPA is a public corporation with sufficient fiscal autonomy such that it cannot be considered an alter ego of the Commonwealth for eleventh amendment purposes.

That PREPA has at its core a public objective cannot be denied. It exists ultimately in order to "promote the general welfare and increase commerce and prosperity." 22 L.P.R.A. § 196. Yet while it was created as a "public corporation and [a] governmental instrumentality ... it is a corporation having legal existence and personality separate and apart from that of the Government." 22 L.P.R.A. § 193. PREPA has the power to "issue its own bonds" and "enter into contracts ... [with] the Commonwealth of Puerto Rico." 22 L.P.R.A. §§ 206(a), 196(p). Further evidence of PREPA's unique provence over its own affairs can be gleaned from the following discussion of its general power:

> [PREPA shall] have complete control and supervision of any undertaking acquired by it including the power to determine the character of and the necessity for all its expenditures and the manner in which they shall be incurred, allowed and paid without regard to the provisions of any laws governing the expenditure of public funds.

22 L.P.R.A. § 196(d).

The fiscal autonomy of PREPA is emphasized throughout the statute. For example, section 202 states that "[a]ll moneys of the Authority ... shall be kept in separate accounts" and section 196(s) states that the Authority "shall have no power at any time or in any manner to pledge the credit or taxing power of the Commonwealth...." 22 L.P.R.A. §§ 202, 196(e). Moreover, section 196(*l*) gives PREPA the power to "de-

**376**

termine, fix, alter, charge, and collect reasonable rates." 22 L.P.R.A. § 196(*l*).

While not controlling by itself, the financial independence of PREPA—and more specifically the source of funds—is highly relevant because " 'if the funds [to satisfy a judgment] must come from the Commonwealth treasury, the Commonwealth will have more than a passing interest in the litigation.' " *Anaya Serbia, supra,* 646 F.Supp. at 1241 (quoting *Canadian Transport Co. v. Puerto Rico Ports Authority,* 333 F.Supp. 1295, 1297 (D.P.R.1971)). On this point the statute creating PREPA is clear. It expressly states that the "debts, obligations, contracts, bonds, notes ... and property of the Authority, its officers, agents, or employees shall be deemed to be those of said government-controlled corporation and not to be those of the Commonwealth Government." 22 L.P.R.A. § 193(b). A later section reiterates that neither bonds nor other obligations "shall ... be payable out of any funds other than those of the Authority." 22 L.P.R.A. § 210.

PREPA's fiscal autonomy together with its power to administer its own affairs leads this Court to reaffirm its earlier holding that PREPA is not an alter ego of the Commonwealth, but is rather a governmental agency with its own distinct identity. As such, PREPA is not immune from suit in federal court. This conclusion is in accord with the First Circuit which has characterized PREPA as a "quasi-public corporation" and has implicitly acknowledged that PREPA can be sued in federal court. *See Rodriguez–Burgos v. Electric Energy Authority,* 853 F.2d 31, 35 n. 5 (1st Cir. 1988).

WHEREFORE, defendants' request that plaintiff's claim under Law No. 100 of 1959, 29 L.P.R.A. § 146 be dismissed for lack of jurisdiction is hereby DENIED.

IT IS SO ORDERED.