Leroy O. SHEFF, Jr., Plaintiff,

v.

UNITED STATES of America, Defendant.

No. C-70 1237.

United States District Court, N. D. California.

April 9, 1971.

Marcus & Ury, Inc., Pleasant Hill, Cal., for plaintiff.

James L. Browning, Jr., U. S. Atty., Brian B. Denton, Asst. U. S. Atty., San Francisco, Cal., for defendant.

## MEMORANDUM AND ORDER

CONTI, District Judge.

This case is before the court on the defendant's motion for dismissal of the complaint or, in the alternative, for summary judgment.

The plaintiff filed this action against the United States under the Federal Tort Claims Act., 28 U.S.C. § 1346(b), 2671, et seq., alleging that the United States "acting through its duly authorized employee and agent, one Private Jack Dennis Spears, so negligently, carelessly and unlawfully drove and operated a truck so as to cause the same to collide with plaintiff's vehicle, thereby proximately causing the herein alleged injuries and damages to plaintiff."

Accompanying its motion for summary judgment, the United States has submitted affidavits which assert that Jack Spears was an employee of the California National Guard at the time of the accident, that he was acting within the scope of his employment, and that he had not been activated into federal service at the time in question. Plaintiff's opposition to the defendant's motion did not set forth any specific facts, as required by Rule 56(e) of the F.R.C.P., which would tend to negate the assertions in defendant's affidavits and thereby raise any genuine factual issues.

■ Therefore, this court finds that based on the facts contained in the Government's affidavits, the defendant is entitled to summary judgment in its favor.

The Federal Tort Claims Act provides in pertinent part:

28 U.S.C. § 1346(b):

"Subject to the provisions of chapter 171 of this title, the district courts, together with the United States District Court for the District of the Canal Zone and the District Court of the Virgin Islands, shall have exclusive jurisdiction of civil actions on claims against the United States, for money damages, accruing on and after January 1, 1945, for injury or loss of property, or personal injury or death caused by the negligent or wrongful act or omission of *any employee of the Government while acting within the scope of his office or employment,* under circumstances where the United States, if a private person, would be

**1084**

liable to the claimant in accordance with the law of the place where the act or omission occurred. (Emphasis added)

28 U.S.C. § 2671:

" 'Employee of the government' includes officers or employees of any federal agency, members of the military or naval forces of the United States, and persons acting on behalf of a federal agency in an official capacity, temporarily or permanently in the service of the United States, whether with or without compensation."

It is apparent that in order for the plaintiff to recover under the Federal Tort Claims Act, he must show that the alleged tortfeasor was an "employee of the Government" at the time of the accident. In this respect plaintiff has failed. Jack Spears was an employee of the State of California, not the United States Government.

In Maryland, for the use of Levin, v. United States, 381 U.S. 41, 85 S.Ct. 1293, 14 L.Ed.2d 205 (1965), the Supreme Court held that *both* military personnel and civilian caretakers of the National Guard are employees of the States for the purposes of the Federal Tort Claims Act. The Court stated:

"It is not argued here that military members of the Guard are federal employees, even though they are paid with federal funds and must conform to strict federal requirements in order to satisfy training and promotion standards. Their appointment by state authorities and the immediate control exercised over them by the States make it apparent that military members of the Guard are employees of the States, and so the courts of appeals have uniformly held. * * * Civilian caretakers should not be considered as occupying a different status." At p. 48, 85 S.Ct. at p. 1298.

The court later concluded:

"In sum, we conclude that the congressional purpose in authorizing the employment by state authorities of ci-

vilian caretakers, the administrative practice of the Defense Department in treating caretakers as state employees, the consistent congressional recognition of that status, and the like supervision exercised by the States over both military and civilian personnel of the National Guard, unmistakably lead in combination to the view that civilian as well as military personnel of the Guard are to be treated for the purposes of the Tort Claims Act as employees of the States and not of the Federal Government." At pp. 52, 53, 85 S.Ct. at p. 1300.

■ In an effort to avoid the impact of the *Maryland* case, supra, plaintiff has posited theories of liability based on state law principles of estoppel and agency. It should be noted at the outset that District Courts lacked jurisdiction to hear tort claims against the United States prior to the passage of the Federal Tort Claims Act. Under the Act the United States waived its immunity from certain suits against it, but only when the injury or loss was caused by the act or omission of an "employee of the Government." Whether a person is an "employee of the Government" within the meaning of the Act is a question of federal law, not state law. Brucker v. United States, 338 F.2d 427 (9th Cir. 1964); United States v. Hainline, 315 F.2d 153 (10th Cir. 1963); Pattno v. United States, 311 F.2d 604 (10th Cir. 1962).

In Pattno v. United States, supra, the court stated:

"The Supreme Court has said in Williams v. United States, 350 U.S. 857, 76 S.Ct. 100, 100 L.Ed. 761, that the law of the place of the accident controls the doctrine of respondeat superior. Following this decision, the Tenth Circuit held in United States v. Mraz, 10 Cir., 255 F.2d 115, 116, that state law governs in determination of scope of employment.

The fact of employment is in a different category. The States may not decide for the United States who are

and who are not Federal employees because the existence of Federal employment is a Federal question to be answered by application of Federal law. In the case at bar both the Federal Constitution and statutes bear on the fact of employment. The supremacy of Federal law requires the determination of Federal employment by Federal law.

Further, the ordinary principle of estoppel is not applied against the Government. Claremont Aircraft, Inc. v. United States, 420 F.2d 896 (9th Cir. 1970). However, even if estoppel was applicable, the facts alleged by the plaintiff would not be sufficient to invoke this equitable doctrine.

Since it is the finding of this court that Jack Spears was an employee of the California National Guard at the time of the accident, the United States is not liable for injuries caused by his negligence. Therefore, it is the order of this court that defendant's motion for summary judgment be, and it hereby is, granted.