Lewis SMITHER, Plaintiff,

v.

UNITED STATES of America and Peter Smits, Jr., Defendants.

No. 2257.

United States District Court,
E. D. Kentucky,
Lexington Division.

June 9, 1972.

Kyle T. Hubbard and Alex F. Talbott, Louisville, Ky., for plaintiff.

John M. Compton, Asst. U. S. Atty., Lexington, Ky., for defendants.

## MEMORANDUM

SWINFORD, District Judge.

The record of this case is submitted upon the issue of whether the court may exercise jurisdiction under the Federal Tort Claims Act.

The facts surrounding the automobile accident which gives rise to the plaintiff's claims are as follows. The automobile accident resulting in the plaintiff's injuries occurred on May 9, 1969, on U. S. Highway 60 near Versailles, Kentucky. The plaintiff asserts that the accident was caused by defendant, Peter Smits', negligence.

In November of 1965 Smits enlisted in the Kentucky National Guard. He was on active duty until June of 1966. In August of 1968 Smits was accepted to Officer Candidate School and returned to active duty in November of 1968. He attended the Army Ordnance School at Aberdeen Proving Ground in Maryland until April 15, 1969. While serving his six month tour at Aberdeen, Smits decided to apply for extended active duty in the United States Army. Pending process of Smits' application he was directed to return to his home in Lexington, Kentucky. His application was accepted and he received, while in Lexing-

ton, orders dated April 21, 1969, directing him to report for active duty in the Army Reserve on May 15, 1969, at Fort McClellan, Alabama. Although the orders directed Smits to report for duty on May 15, 1969, it would have been possible for him to have reported as early as May 13, 1969. It should be noted, however, that the Army would not have begun accounting for Smits at any time prior to May 13, 1969.

On May 9, 1969, while Smits was still residing in Lexington, he traveled to Frankfort, Kentucky to visit with friends and to collect certain papers from the National Guard facilities there located which he felt might be helpful during his active duty tour in the Army. He was not required to have these documents, but felt that they might be of value at some future date. The accident occurred upon Smits' return from Frankfort to Lexington. Smits has stated that it was his intention to depart for Alabama from Lexington on either the evening of May 9, 1969, or the following day, May 10, 1969.

In determining whether the court has jurisdiction under the Federal Tort Claims Act it must be decided whether 1) Smits was an employee of the United States at the time of the accident, and 2) if that issue is resolved in the affirmative, whether Smits was acting within the scope of his employment at the time of the accident.

■ It is the opinion of the court that Smits was not an employee of the United States at the time of the accident. The fact of employment is determined under federal law. Fisher v. United States, 356 F.2d 706 (6 Cir. 1966), and O'Brien v. United States, 236 F.Supp. 792 (D.C.1964).

At the time of the accident Smits was a member of the Army National Guard of Kentucky. It could be argued that inasmuch as the Army National Guard is a component of the United States Army that Smits was a member of the Armed Forces of the United States. However, a National Guardsman is only considered to be an employee of the United States if the National Guard unit of which he is a member is in active federal service. 10 United States Code 3078 reads as follows:

> "The Army National Guard while in the service of the United States is a component of the Army."

10 United States Code 3079 reads as follows:

> "When not on active duty, members of the Army National Guard of the United States shall be administered, armed, equipped, and trained in their status as members of the Army National Guard."

Finally 10 United States Code 3495 reads:

> "Members of the Army National Guard of the United States are not in active Federal service except when ordered thereto under law."

At all times subsequent to April 15, 1969, the time of Smits' discharge from Aberdeen, Maryland, it cannot be contended that he was, in his capacity as a National Guardsman, on active duty for the United States. Between April 15 and May 9, 1969, Smits' status in the National Guard was such that he could only be considered to have been an employee of the State of Kentucky. An affidavit by Colonel Waldo E. Timm of the Executive National Guard Bureau states that Peter Smits was an officer in the Army National Guard on May 9, 1969, but that he was not in active Federal Service at that time. In Robin Construction Company v. United States, 345 F.2d 610 (1965), it is stated at 616 that:

> ". . . the decisions uniformly hold that military members of the National Guard not in active Federal service are employees of their respective States and not of the Federal

government within the meaning of the Tort Claims Act."

See also Maryland for Use of Levin v. United States, 381 U.S. 41, 85 S.Ct. 1293, 14 L.Ed.2d 205 (1965). The court is satisfied that Peter Smits, as a National Guardsman, was not at the time of the accident an employee of the United States.

Moreover the court is equally satisfied that Smits was not at the time of the accident a member of the United States Army so as to come within the purview of the Tort Claims Act. Smits was ordered to report to Fort McClellan on the 15th of May 1969. The Army could have begun to account for him as early as May 13, 1969, but before that time he could not be considered to have been on official United States business. Although the court fails to see how it would be significant, it cannot be said that Smits was "on his way" to Fort McClellan at the time of the accident. At the time of the accident Smits was returning to Lexington from Frankfort. His trip to Frankfort was for personal reasons that were in no way connected to any order by the United States Army. It may be that Smits was ready to prepare to leave for Fort McClellan, but it cannot be claimed that he was on his way. Simply put, the court does not believe that under any construction of these facts Smits could have been said to be in the employ of the United States Army prior to May 13, 1969. Smits states in his deposition that in regard to the United States Army he was on May 9, 1969, only a civilian.

"Q22 Would you consider yourself to be a civilian as far as the United States Army was concerned on May 9, 1969?

A. Yes, sir, as far as the Army was concerned."

The court must conclude that Peter Smits, Jr. was not an employee of the United States, either as a National Guardsman or an Army officer, at the time of the accident on May 9, 1969.

The question of whether Smits was acting within the scope of his employment does not, therefore, have to be reached. An order will this day be entered dismissing the complaint.