**Rita E. HUGHES, Plaintiff,**

v.

**UNITED STATES, Defendant.**

**Civ. A. No. 72–41–D.**

United States District Court,
S. D. Iowa,
Davenport Division.

March 2, 1973.

Jon R. Pearce, Roger L. Lande, Stanley, Lande, Coulter & Pearce, Muscatine, Iowa, for plaintiff.

Allen L. Donielson, U. S. Atty., Robert L. Fanter, Asst. U. S. Atty., Des Moines, Iowa, for defendant.

## ORDER

STUART, District Judge.

The above entitled matter is before the Court on defendant United States of America's Motion for Summary Judgment, filed the 8th day of November, 1972. On the 4th day of December, 1972, plaintiff resisted, and after having examined said motion and resistance and the files in the case, the Court concludes that the only issue is whether or not Carol English was an employee of the United States, based on her employment by Iowa East Central T.R.A.I.N. (TRAIN).

Plaintiff cites 28 U.S.C. § 2671, which includes " * * * corporations primarily acting as instrumentalities or agencies of the United States * * *" in the definition of "federal Agency", and alleges that TRAIN is a corporation, and acts primarily as an instrumentality of the United States. It is not disputed that TRAIN is a local community action agency, and is not a federally-created corporation. Plaintiff sets out a list of indices which she contends leave no doubt that TRAIN acts primarily as an instrumentality of the

federal government. Plaintiff also contends that Anderson v. Simpson (E.D. Tenn., 1972) included by the government as Exhibit D, is not controlling.

The government denies that TRAIN is an instrumentality of agency of the United States, and enclosed an affidavit by Mr. Cornelius, Regional Director of O.E.O., as well as copies of federal grants to TRAIN and various directives.

 It is clear that the question of who is a federal employee is to be determined by federal law. United States v. N. A. Degerstrom, Inc. (9th Cir. 1969), 408 F.2d 1130, 1132; United States v. Becker (9th Cir., 1967), 378 F.2d 319, 321; LeFevere v. United States (5th Cir. 1966), 362 F.2d 352, 353; Fisher v. United States (6th Cir., 1966), 356 F.2d 706, 708, cert. denied 385 U.S. 819, 87 S.Ct. 41, 17 L.Ed.2d 57; Brucker v. United States (9th Cir., 1964), 338 F.2d 427, cert. denied 381 U.S. 937, 85 S.Ct. 1769, 14 L.Ed.2d 701; Smither v. United States (E.D.Ky., 1972), 342 F.Supp. 1384, 1385; Sheff v. United States (N. D.Cal., 1971), 325 F.Supp. 1082, 1084.

 After having examined the legislative history of the Economic Opportunity Act, 42 U.S.C. § 2701 et seq., at 1964 U.S.Code Congressional & Administrative News, p. 2909 et seq., the Court notes that local communities are encouraged to implement programs and may request funds from the federal government under various programs. The community action agencies are grantees of federal assistance, and are not created by the federal government. In order to qualify for federal assistance, grantee groups may be required to meet specific requisites, and may be required to maintain such standards, and the standards could be modified, requiring grantee groups to change standards. These are overall controls, and the violation of them would not subject the grantee groups to anything more than the sanction of termination of federal assistance. Individual employees are hired by the local community action agency under broad guidelines laid out by the O.E.O. See "Community Action Memo 23–A, dated August 26, 1966; Part A." The wages are to be set by the local agency, except that no one may be paid less than the federal minimum wage, and salaries over $5,000 per annum must be approved by O.E.O., if the salary is an increase of 20% or $2500 over prior wages. Vacations, sick leave, health care benefits, moving expenses, etc., are at the discretion of the local agency. The local agency must maintain certain records so that the O.E.O. may ascertain whether or not the guidelines are being observed.

The Court is of the opinion that Carol Virginia English cannot be considered an employee of the United States, and that Iowa East Central T.R.A.I.N. is an entity separate and distinct from the United States government and the O.E. O. TRAIN may fairly be said to depend upon the federal government for its funding, and the programs it carries out may fairly be said to be those approved by the federal government, but it is clear to the Court that TRAIN is a local agency not clothed with the powers of the federal government nor bound to the federal government other than by the purse-strings. The day-to-day activities of employees of TRAIN are not subject to federal control; the end object of the program is the primary basis of control. Certain managerial guidelines set by the federal government to control TRAIN's activities are the natural acts of a donor to see that funds intended for a particular purpose are used for that purpose. The Court finds that federal control over TRAIN does not cause TRAIN to be primarily an instrumentality of the federal government within the meaning of the Federal Tort Claims Act, 28 U.S. C. § 2671. See Judge Wilson's memorandum in Anderson v. Simpson (E.D. Tenn., 1972), unpublished, docket CA 6218 and 6358, filed October 17, 1972, enclosed in the government's brief.

It is therefore ordered that defendant United States of America's Motion For Summary Judgment is hereby granted.