## Carol J. CLEMENTS

v.

## SIDNEY AND PERCY BARRIOS AMVETS POST 38.

### Civ. A. No. 83–4038.

United States District Court,
E.D. Louisiana.

Sept. 2, 1983.

Carol J. Clements, pro se.

Calvin J. Laiche, Westwego, La., for defendant.

## MEMORANDUM OPINION

MENTZ, District Judge.

The defendant here, Sidney and Percy Barrios AMVETS Post 38 ("AMVETS Post 38"), is a Louisiana affiliate of the American Veterans of World War II, Korea, and Vietnam. The plaintiff, Carol J. Clements, is a former member of the defendant organization. Late last month or early this month, the defendant revoked the plaintiff's membership. The alleged basis of the revocation was that the plaintiff's prior military service made him ineligible for membership in the organization.

In response to the revocation, the plaintiff filed a motion for injunctive relief on August 10, 1983. A hearing in which both parties participated was held the same day. At the hearing, the Court, with the defendant's consent, agreed to issue a temporary restraining order. Both parties then agreed to have the Court decide all other matters on the record. On August 22, 1983, the Court ruled by Minute Entry in the plaintiff's favor. The Court's ruling did two things: it required the defendant to read-

mit the plaintiff into the organization, and it permanently enjoined the defendant from revoking his membership at any point in the future on the same or similar grounds. This opinion contains the reasons upon which the Court based its ruling.

On August 1, 1964, the plaintiff joined the U.S. Army. He served in the army on active duty for six months. Immediately after receiving an honorable discharge, the plaintiff joined the Army National Guard of Louisiana. He served in that organization until February 14, 1970, when he obtained another honorable discharge. Sometime in early 1972, members of the AMVETS Post 38 contacted the plaintiff about joining their organization. In June of that year, the plaintiff became an official member. Three years later, in 1975, he became a life member.

AMVETS is a corporation created by 36 U.S.C.S. § 67. Section 67c empowers the corporation "to ordain and establish by-laws and regulations not inconsistent with the laws of the United States of America . . . for the management of its property and the regulation of its affairs" and "to establish state and regional organizations and local posts. . . ." Pursuant to these powers, AMVETS passed a National Constitution for the organization and created AMVETS Post 38.

The plaintiff contends that the membership provision of the AMVETS National Constitution is inconsistent with the laws of the United States. Article IV, Section 1 of the National Constitution reads as follows:

Any person who served in the Armed Forces of the United States of America, or any American citizen who served in the Armed Forces of an Allied Nation of the United States at any time after September 15, 1940 and before May 8, 1975, is eligible for regular membership in AMVETS provided such service, when terminated by discharge or release from active duty, be by honorable discharge or separation. No person who is a member of, or who advocates the principles of, any organization believing in, or working for, the overthrow of the United States Government by force, and no person who refuses to uphold and defend the Constitution of the United States shall be privileged to become, or continue to be a member of this organization. No member of the National Guard or of the Reserve Forces shall be eligible for membership unless called to active duty for other than training purposes by the Federal Government.

According to the plaintiff, this Article is inconsistent with 36 U.S.C.S. § 67e, which states:

Any person who served in the Armed Forces of the United States of America or any American citizen who served in the Armed forces of an allied nation of the United States at any time after September 15, 1940, and before May 8, 1975, is eligible for regular membership in AMVETS, provided such service when terminated by discharge or release from active duty be by honorable discharge or separation. No person who is a member of, or who advocates the principles of, any organization believing in, or working for, the overthrow of the United States Government by force, and no person who refuses to uphold and defend the Constitution of the United States, shall be privileged to become, or continue to be, a member of this organization.

Contrary to what the plaintiff contends, the Court here can adjudicate this dispute without determining whether Article IV, Section 1 is inconsistent with 36 U.S.C.S. § 67e. The critical language in § 67e for our purposes is "Any person who served in the Armed Forces of the United States of America . . . at any time after September 15, 1940, and before May 8, 1975, is eligible for regular membership in AMVETS. . . ." The critical fact about the plaintiff's military service for our purposes is that he was on active duty in the U.S. Army for six months during 1964 and 1965. Since the U.S. Army is part of the "Armed Forces of the United States of America," 10 U.S.C.S. § 101(4), and since being on active duty in the Armed Forces in the mid-sixties qualifies as "serving in" the Armed Forces dur-

ing the relevant period, 10 U.S.C.S. § 3075, the plaintiff was and is eligible for regular membership in AMVETS.

The problem the plaintiff raises regarding the possible inconsistency between Article IV, Section 1 and 36 U.S.C.S. § 67e is a serious one. Unfortunately, since the Court here can decide this case on very narrow grounds, any ruling by the Court on the legality of the controversial language in Article IV, Section 1 would be dicta. What's more, this Court has no desire to issue an advisory opinion. Judicial restraint requires otherwise. Consequently, the problem raised by the plaintiff regarding an inconsistency will have to be adjudicated in some other case, one in which the facts require a ruling on it.[1]

For the reasons discussed above, the Court hereby AFFIRMS its decisions of August 22, 1982.

1. *See generally* 10 U.S.C.S. § 101(9), (10) and (11); 10 U.S.C.S. §§ 3062, 3078 and 3079; *Smither v. United States,* 342 F.Supp. 1384 (E.D.Ky.1972); *Ursulich v. Puerto Rico National Guard,* 384 F.Supp. 736 (D.C.Puerto Rico, 1974).