**Domingo Rosario YANES et al.,
Plaintiffs,**

**v.**

**Pascual IRIZARRY, Esso Standard Oil Company, Commercial Insurance Company, Defendants and Third-Party Plaintiffs,**

**v.**

**The COMMONWEALTH OF PUERTO RICO, Third-Party Defendant.**

**Civ. No. 276-61.**

United States District Court
D. Puerto Rico,
San Juan Division.

May 9, 1963.

Hector Lugo Bougal, H. Febus Bernardini, Ponce, P. R., for plaintiffs.

Felix Ochoteco, Jr., San Juan, P. R., for Puerto Rico Tel. Co.

Rieckehoff & Vargas, San Juan, P. R., for Burnup & Sims.

Hiram R. Cancio, Arturo Estrella, Vicente Lopez Perez, San Juan, P. R., for third-party defendant Commonwealth of Puerto Rico.

Cuprill & Wilson, Ponce, P. R., for Indust. Freight Service, Inc.

RUIZ-NAZARIO, Chief Judge.

The Commonwealth of Puerto Rico, as third-party defendant herein, has moved to dismiss the third-party complaint for lack of jurisdiction in this Court, invoking, in support of its said contention, the provisions of Act No. 104, of the Legislature of Puerto Rico, approved June 29, 1955, 32 L.P.R.A. § 3077 et seq. under which, said party defendant claims, that it waived thereby its sovereign immunity (Sec. 2 of the Act, Sec. 3077 T. 32 L.P.R.A.) only in connection with actions brought in the Court of First Instance of Puerto Rico and not

those, as the present one, brought in some other court.

Defendants-Third-Party Plaintiffs Pascual Irizarry, Esso Standard Oil Company and Commercial Insurance Company answer said contention of The Commonwealth of Puerto Rico by alleging that the restriction only applies to the actions specifically mentioned in the cited Act (Paragraphs (a), (b), (c) of Sec. 3077, 3078 and 3079 of Title 32 L.P.R.A.) and not to actions such as the one alleged in the Third-Party Complaint, brought under Sec. 404 of the Political Code of 1902, as amended on May 10, 1950, Sec. 422 Title 3 L.P.R.A.

The section thus invoked by the third-party plaintiffs in support of their right of action against the third-party defendant (3 L.P.R.A. § 422) reads as follows:

"The Commonwealth of Puerto Rico shall be liable for injuries to persons or property occurring through a defect, or want of repair, or of sufficient protection, in or upon a Commonwealth highway in charge of the Department of Public Works, except where it shall be proven that such defects were caused by violence of the elements and that there had not been ample time in which to repair them."

It does not appear from its language that the enforcement of the right of action to make effective any liability of the Commonwealth thereunder is conditioned in the sense that it has to be brought in any particular court, as happens with regard to actions under Secs. 3077, 3078 and 3079, Title 32 L.P.R.A.

Although the last named sections were enacted long after the adoption of Sec. 422 Title 3 L.P.R.A., there is no provision in Secs. 3077 et seq. Title 32 L.P.R.A., expressly repealing Sec. 422 Title 3 L.P.R.A.

The Court's attention has not been directed to any other statute which may expressly repeal Sec. 422 Title 3 L.P.R.A., and repeal by implication or tacit repeal is not favored by the law.

Indeed in the 1962 Cumulative Pocket Supplement to L.P.R.A. Title 1 through Title 4, for use during 1963, Sec. 422, Title 3 appears in full force and effect and cases of the Supreme Court of Puerto Rico, published in Vols. 73, 74 and 76 P.R.R. and applying the same are cited.

As late as April 30, 1962 the Section was invoked and applied by the Supreme Court of Puerto Rico as being still in force, although Sec. 3077, Title 32 L.P.R.A. has been in force since 1955.

For the most recent enforcement of liability against the Commonwealth of Puerto Rico under Sec. 422, Title 3 L.P.R.A., see: Morales Muñoz et al. v. Castro, et al., Nos. 94, 95 and 96, decided April 30th, 1962 by the Supreme Court of Puerto Rico.

It follows, therefore, that the motion to dismiss the third-party complaint filed by the third-party defendant The Commonwealth of Puerto Rico must be as it is hereby ordered denied, and said third party defendant is granted a period of 15 days to file responsive pleadings to said third-party complaint.