**Daniel SALKIN et al., Plaintiffs, Appellants,**

v.

**COMMONWEALTH OF PUERTO RICO, Defendant, Appellee.**

**No. 7095.**

United States Court of Appeals First Circuit.

March 24, 1969.

Rafael Ramirez de Arellano, Jr., San Juan, P. R., with whom Ciro Malatrasi, Jr., and Manuel Garcia Malatrasi, San Juan, P. R., were on the brief, for appellants.

Peter Ortiz, Asst. Sol. Gen., with whom Rafael A. Rivera Cruz, Sol. Gen., was on the brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

Plaintiffs, citizens of New Jersey, brought this action against the Commonwealth of Puerto Rico for damages sustained from a fall by the female plaintiff upon a public sidewalk in Carolina, Puerto Rico. Claim is predicated upon article 404 of the Political Code of 1902, 3 L.P.R.A. § 422, which states in relevant parts that the Commonwealth "shall be liable for injuries to persons or property occurring through a defect * * * in or upon a Commonwealth highway." Defendant moved to dismiss on the ground that the Commonwealth had consented to damage suits only in the Puerto Rican courts, and not in the federal courts, citing section 2 of Act No. 104, June 29, 1955, 32 L.P.R.A. § 3077. That law states in relevant parts:

> "Authorization is hereby granted to sue the Commonwealth of Puerto Rico before the Court of First Instance of Puerto Rico for the causes set forth in the following actions:

> "(a) Actions for damages to person or property up to the sum of $15,000 caused by a culpable or negligent act or omission of any officer * * *.

> "(c) Civil actions in which the amount claimed does not exceed $15,000 in principal and which are based on the Constitution, or on any law of Puerto Rico * * *."

The district court dismissed the suit and plaintiffs appeal.

We believe that the district court was correct in holding that the suit could not be brought in the federal court, and thus departing from the decision in Yanes v. Irizarry, D.P.R., 1963, 217 F.Supp. 57. Section 3077 and other provisions of the 1955 law entitled an "Act on Claims and Suits Against the Commonwealth," were intended to effect a uniform procedure for all suits against the Commonwealth, such as those for negligence under 31 L.P.R.A. §§ 5141–5142, and defective roads under section 422, unless other specific procedures were prescribed, as in condemnation proceedings, 32 L.P.R.A. §§ 2901–2920 and tax refund proceedings, 13 L.P.R.A. §§ 261–290. Such an intent is made clear by the wording of section 3077(c) which brings under the applicable procedures suits based on "any law" of Puerto Rico, and the wording of 32 L.P.R.A. § 3079, which excepts from such procedures only those "actions on recovery or reimbursement of taxes, on condemnations, or on any other matter covered by specific legislation, which actions shall continue to be conducted under the laws applicable." Section 422 has previously been interpreted by Puerto Rican courts to be limited by other provisions of the uniform procedures in title 32 for suits against the Commonwealth, see Santiago v. People, 1952, 74 P.R.R. 196; Porto Rican & American Ins. Co. v. People, 1948, 68 P.R.R. 629; Leal v. Commonwealth, Superior Ct., Feb. 19, 1968, review denied, Supreme Court, April 18, 1968. The limitation upon the proper court is equally applicable.* Moreover, since it is apparent that suits under the general substantive negligence laws, 31 L.P.R.A. §§ 5141–5142, are to be conducted according to the uniform procedures of title 32, it would be anomalous to consider suits under the substantive law of section 422 differently without some pressing reason.

We have reviewed such legislative history as has been furnished us by the parties and conclude that plaintiffs have failed to overcome the well established federal deference to the right of a sovereign power to withhold all consent to suit, or to grant consent under whatever conditions it wishes. See Ford Motor Co. v. Department of Treasury of Indiana, 1945, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389.

The judgment of the district court dismissing the action for lack of jurisdiction is affirmed.

---

* The predecessor to the 1955 Act made the applicability of this limitation even clearer.

"There shall be no remedy in any case for the collection of claims against the Commonwealth of Puerto Rico other than that provided by sections 3061–3073 of this title, and those which are now specifically authorized by Title 31, the Civil Code or by acts of the Legislative Assembly; *Provided, however,* That all such actions shall be brought only in the Superior Court."

Act No. 76, Apr. 13, 1916, § 10, 32 L.P.R.A. § 3070.