**OCHOA REALTY CORPORATION, Plaintiff,**

v.

**Rafael A. FARIA, Luis E. Landrau, Luis F. Quinones, John Doe and Richard Roe, et al., Defendants.**

**COMMONWEALTH OF PUERTO RICO, represented by its Honorable Secretary of Transportation and Public Works, Plaintiffs,**

v.

**ACQUISITION OF 8.8939 CUERDAS OF LAND LOCATED IN THE HATO REY WARD OF the MUNICIPALITY OF RIO PIEDRAS, PUERTO RICO and Ochoa Realty Corporation, Represented by its Resident Agent Eitel R. Gomez, John Doe and Richard Roe, Defendants.**

**Civ. Nos. 84–2681CC, 85–0836CC.**

United States District Court, D. Puerto Rico.

Oct. 1, 1985.

Alvaro R. Calderón, Hato Rey, Puerto Rico, Doris D. Hernández-Díaz, Federal Litigation Div. Dept. of Justice, Commonwealth of Puerto Rico, San Juan, Puerto Rico, for Faria, et al.

Jorge R. Jiménez, Juan E. Rodríguez-Díaz, Hato Rey, Puerto Rico, Robert E. Schneider, Jr., Santurce, Puerto Rico, for Ochoa Realty Corp., et al.

## REMAND ORDER

CEREZO, District Judge.

On March 27, 1985 the Commonwealth of Puerto Rico, through its Secretary of Transportation and Public Works, filed a petition with the Superior Court of Puerto Rico, San Juan Part, seeking condemnation of portions of a larger parcel ·of land belonging to the plaintiff in Civil 84–2681CC, for purposes of carrying out Phase II of a mass transit project known as the Agua-Guagua Project, which entails the building of a terminal facility on plaintiff's property. The sum of $1,023,151.00 was deposited with the court as fair compensation for the properties condemned. On April 19, 1985 plaintiff in Civil 84–2681CC removed the condemnation proceedings to this court stating that the claim arises under a federal law, namely the Urban Mass Transportation Act, 49 U.S.C. Section 1601, *et seq.*, since the Agua-Guagua Project is to be financed thereunder, and requested consolidation of those proceedings with Civil 84–

2681CC. On May 8, 1985, the condemnation proceedings filed as Civil 85–0836CC were consolidated with Civil. 84–2681CC. On May 7, 1985 the Commonwealth of Puerto Rico moved that Civil 85–0836CC be remanded to the Superior Court of Puerto Rico since the petition for removal does not set out facts necessary to aver federal jurisdiction. Plaintiff opposed remand contending that, given the federal claim pending in Civil 84–2681CC involving the same property, this Court should exercise jurisdiction over the condemnation proceedings as a pending matter.[1] We disagree and hold that Civil 85–0836CC must be remanded for lack of jurisdiction.

■ It is settled that the Eleventh Amendment of the Constitution of the United States prohibits suits in federal courts filed by private parties against an unconsenting State. See *Edelman v. Jordan,* 415 U.S. 651, 662–663, 94 S.Ct. 1347, 1355–1356, 39 L.Ed.2d 662 (1974) (and cases cited therein). This principle extends to governmental instrumentalities which are an arm or alter ego of the State. See *Mt. Healthy City School District v. Doyle,* 429 U.S. 274, 280–281, 97 S.Ct. 568, 572–573, 50 L.Ed.2d 471 (1977); *Alabama v. Pugh,* 438 U.S. 781, 98 S.Ct. 3057, 57 L.Ed.2d 1114 (1978); *Cancel v. San Juan Construction Co.,* 387 F.Supp. 916 (DPR 1974); *Ursulich v. Puerto Rico National Guard,* 384 F.Supp. 736 (DPR 1974). The Eleventh Amendment State immunity from suits in federal courts has been held to apply to the Commonwealth of Puerto Rico. See *Ezratty v. Commonwealth of Puerto Rico,* 648 F.2d 770, 776 n. 7 (1st Cir.1981).

■ The Commonwealth of Puerto Rico, through its Secretary of Transportation and Public Works, is the only named petitioner in the condemnation proceedings filed with the Superior Court of Puerto Rico. Said action is one in which the Commonwealth represented by the Secretary of Transportation and Public Works is the real and interested party. Furthermore,

---

1. Civil 84–2681CC is a complaint filed under 42 U.S.C. Sections 1983–1985 alleging an illegal

"taking" of plaintiff's property by the defendants therein.

those proceedings are strictly local in nature and do not arise under any federal law or the Constitution. Indeed the power of eminent domain is one of the incidents of sovereignty and belongs to the state. See *State of Georgia v. City of Chattanooga,* 264 U.S. 472, 480, 44 S.Ct. 369, 370, 68 L.Ed. 796 (1924). There is nothing in the Urban Mass Transportation Act, cited by plaintiff as the source of funds for the planned project, which either authorizes the States to file condemnation proceedings under that statute in federal courts or permits removal of such proceedings to the federal district courts. Its only relation with condemnation proceedings is that it authorizes the United States' Secretary of Transportation to make loans to States and local public agencies for the purpose of acquiring real property "reasonably expected to be required in connection with a mass transportation system." 49 U.S.C. Section 1602 (supp. 1985). Therefore, the condemnation proceedings were not a civil action of which this court had original jurisdiction and was not removable under 28 U.S.C. Section 1441(a).

Plaintiff proposes, however, that this Court retain jurisdiction over those proceedings under the doctrine of pendent jurisdiction. The Eleventh Amendment prohibition, equally applicable to pendent claims, dictates against such proposition. See *Pennhurst State School and Hospital,* 465 U.S. 89, 104 S.Ct. 900, 917–919, 79 L.Ed.2d 67 (1984). As stated above, the Commonwealth of Puerto Rico is *the* named petitioner in the condemnation proceedings and it cannot be brought into this court without its consent. The Commonwealth of Puerto Rico has not waived its immunity in the instant case. Thus, the Eleventh Amendment bars this Court's exercise of jurisdiction, as a pending claim, over this strictly local matter in which the Commonwealth of Puerto Rico is the real party in interest.

For these reasons, Civil No. 85–0836CC shall be *severed* from Civil 84–2681CC and REMANDED to the Superior Court of Puerto Rico, San Juan Part.

SO ORDERED.