Richard RZADKOWSKI–CHÉVERE,
Plaintiff

v.

ADMINISTRATION FOR CHILD
SUPPORT ENFORCEMENT,
et al., Defendants.

Civil No. 04–1548 (SEC).

United States District Court,
D. Puerto Rico.

March 18, 2005.

**2**

Maria T. Juan–Urrutia, Escanellas & Juan, San Juan, PR, for Plaintiff.

Pedro J. Varela–Fernandez, Pedro J. Varela Law Office Esquire, San Juan, PR, for Defendants.

## OPINION AND ORDER

CASELLAS, District Judge.

Pending before the Court is Co-defendant Administración para el Sustento de Menores'[1] (hereinafter "ASUME") motion to dismiss the complaint (Docket # 7). Plaintiff failed to timely oppose Co-defendant ASUME's motion. *See* Dockets # # 8 & 9. Co-defendant Yolanda Zayas joined ASUME's request (Dockets # # 10 & 11). After carefully considering the parties' filings, as well as the applicable law, we find that Co-defendants' motion must be **GRANTED in part and DENIED in part.**

### Factual Background

Plaintiff was an employee of ASUME from September 1994 until June 2003 (Docket # 1 at ¶ 16). On February 3, 2003 Plaintiff first requested reasonable accommodation (an employment transfer) due to his emotional condition, severe depression (Docket 1 at ¶ 23). Allegedly, his request was followed by a campaign of harassment and discrimination against him due to his alleged disability and the continuous denial of reasonable accommodation for his disability (Docket # 1 at ¶¶ 25–30). Plaintiff was discharged from employment on December 12, 2003 by written communication (Docket # 1 at ¶ 30).[2] Plaintiff has filed suit against ASUME and the Secretary of

---

1. As recognized by the parties in this action, ASUME is a dependency of the Department of the Family of the Commonwealth of Puerto Rico. However, Plaintiff has included the Commonwealth of Puerto Rico and the Department of the Family as Co-defendants in the instant case. Notwithstanding the foregoing, we will analyze all allegations made against ASUME as pertaining to the Department of the Family and the Commonwealth of Puerto Rico.

2. This allegation is inconsistent with Plaintiff's previous allegation that he worked at ASUME until June 3, 2003, when he sought leave for his disability. *See* Docket # 1 at ¶¶ 16 & 30.

the Department of the Family in her official capacity, Yolanda Zayas. He claims monetary damages, equitable relief (declaratory judgment) and reinstatement for violations to the Americans with Disabilities Act of 1990, 42 U.S.C § 12117(a) ("ADA") and retaliation under Title VII of the Civil Rights Act ("Title VII"). Plaintiff has also asserted supplemental law claims under the laws of the Commonwealth of Puerto Rico. Co-defendants seek dismissal of Plaintiff's monetary claims pursuant to the Eleventh Amendment immunity (Docket # 7).

**Standard of Review**

In assessing whether dismissal for failure to state a claim is appropriate, "the trial court, must accept as true the well-pleaded factual allegations of the complaint, draw all reasonable inferences therefrom in the plaintiff's favor, and determine whether the complaint, so read, limns facts sufficient to justify recovery on any cognizable theory." *LaChapelle v. Berkshire Life Ins. Co.*, 142 F.3d 507, 508 (1st Cir.1998) (citations omitted). "[A] complaint should not be dismissed for failure to state a claim unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *Conley v. Gibson*, 355 U.S. 41, 45–6, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957), *quoted in Davis v. Monroe County Bd. of Educ.*, 526 U.S. 629, 654, 119 S.Ct. 1661, 143 L.Ed.2d 839 (1999). *See also Correa–Martínez v.Arrillaga-Beléndez*, 903 F.2d 49, 52 (1st Cir. 1990) (dismissal for failure to state a claim is warranted "only if it clearly appears, according to the facts alleged, that the plaintiff cannot recover on any viable theory.").

But "[a]lthough this standard is diaphanous, it is not a virtual mirage." *Berner v. Delahanty*, 129 F.3d 20, 25 (1st Cir.1997) (*quoting Gooley v. Mobil Oil Corp.*, 851 F.2d 513, 515 (1st Cir.1988)). In order to survive a motion to dismiss, "a complaint must set forth 'factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory.'" *Id.*

In judging the sufficiency of a complaint, courts must "differentiate between well-pleaded facts, on the one hand, and 'bald assertions, unsupportable conclusions, periphrastic circumlocution, and the like,' on the other hand; the former must be credited, but the latter can safely be ignored." *LaChapelle*, 142 F.3d at 508 (*quoting Aulson v. Blanchard*, 83 F.3d 1, 3 (1st Cir. 1996)). *See also Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir.1999). Moreover, Courts "will not accept a complainant's unsupported conclusions or interpretations of law." *Wash. Legal Found. v. Mass. Bar Found.*, 993 F.2d 962, 971 (1st Cir. 1993).

**Applicable Law and Analysis**

**I. Eleventh Amendment Immunity**

■ The Eleventh Amendment to the United States Constitution provides:

> The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State.

U.S. Const. Am. XI. Although the Eleventh Amendment literally seems to apply only to suits against a State by citizens of another State, the Supreme Court has consistently extended the scope of this Amendment to suits by citizens against their own State. *See Bd. of Trustees of the Univ. of Ala. v. Garrett*, 531 U.S. 356, 121 S.Ct. 955, 962, 148 L.Ed.2d 866 (2001); *see also Kimel v. Fla. Bd. of Regents*, 528 U.S. 62, 72–73, 120 S.Ct. 631, 145 L.Ed.2d 522 (2000); *Hans v. Louisiana*, 134 U.S. 1, 15,

10 S.Ct. 504, 33 L.Ed. 842 (1890). Even though the Commonwealth of Puerto Rico is not a state, it enjoys the protection of the Eleventh Amendment. *See Jusino Mercado v. Commonwealth of Puerto Rico*, 214 F.3d 34, 37 (1st Cir.2000); *Ortiz–Feliciano v. Toledo Dávila*, 175 F.3d 37, 39 (1st Cir.1999); *Futura Development v. Estado Libre Asociado*, 144 F.3d 7,12–13 (1st Cir.1998); *Culebras Enters. Corp. v. Rivera Rios.* 813 F.2d 506, 516 (1st Cir.1987); *Ramírez v. Puerto Rico Fire Servs.*, 715 F.2d 694, 697 (1st Cir.1983).

■■■ The U.S. Supreme Court has established that the Eleventh Amendment protection primarily furthers two goals: the protection of a state's treasury and the protection of its dignitary interest of not being haled into federal court. *Fresenius Med. Care Cardiovascular Res., Inc. v. P.R. & the Caribbean Cardiovascular Ctr. Corp.*, 322 F.3d 56, 61 (1st Cir.2003) (*citing Fed. Mar. Comm'n v. S.C. State Ports Auth.*, 535 U.S. 743, 122 S.Ct. 1864, 152 L.Ed.2d 962 (2002)). However, the Eleventh Amendment immunity may be waived by the state or "stripped away" by Congress. *Metcalf & Eddy v. P.R.A.S.A.*, 991 F.2d 935, 938 (1st Cir.1993). There are four (4) circumstances in which the Eleventh Amendment protection unravels: (1) when a state consents to be sued in a federal forum; (2) when a state waives its own immunity by statute or the like; (3) when Congress abrogates state immunity ("so long as it speaks clearly and acts in furtherance of particular powers"); and (4) when, provided that circumstances allow, other constitutional imperatives take precedence over the Eleventh Amendment's protection. *Id.* at 938 (citations omitted).

■■■ The Eleventh Amendment bar extends to governmental instrumentalities, which are an arm or "alter ego" of the State. *See Ainsworth Aristocrat Int'l Pty. Ltd. v. Tourism Co. of P.R.*, 818 F.2d 1034, 1036 (1st Cir.1987); *Ochoa Realty Corp. v. Faría*, 618 F.Supp. 434, 435 (D.P.R.1985); *Pennhurst State Sch. Hosp. v. Halderman*, 465 U.S. 89, 100, 104 S.Ct. 900, 79 L.Ed.2d 67 (1984); *Mt. Healthy City Sch. Dist. v. Doyle*, 429 U.S. 274, 280–281, 97 S.Ct. 568, 50 L.Ed.2d 471 (1977); *Ursulich v. P.R. Nat'l Guard*, 384 F.Supp. 736, 737–38 (D.P.R.1974). In addition, the Eleventh Amendment also protects state officials in their official capacity. The rationale behind this extension of the Eleventh Amendment protection is that a claim against a state official in his or her official capacity for monetary relief is an action for the recovery of money from the State. *Ford Motor v. Dept. of Treasury*, 323 U.S. 459, 65 S.Ct. 347, 89 L.Ed. 389 (1945); *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 109 S.Ct. 2304, 105 L.Ed.2d 45 (1989). Hence, a claim against a state official for monetary relief is, in essence, a claim against the State.

■ The U.S. Supreme Court requires a two-step analysis in order to determine whether a government institution is an arm or alter ego of the state and thus entitled to immunity under the Eleventh Amendment. *Fresenius Med. Care*, 322 F.3d at 65 (*citing and discussing Hess v. Port Auth. Trans–Hudson Corp.*, 513 U.S. 30, 115 S.Ct. 394, 130 L.Ed.2d 245 (1994)). First, the court must analyze how the state has structured the government institution and, second, if the "structural indicators point in different directions," the risk of the damages being paid from the public treasury should be assessed. *Id.* at 65–69. The First Circuit has delineated seven (7) areas of further inquiry in order to determine whether the institution in question is in fact an arm of the state: (1) whether the agency has funding to satisfy its own judgments; (2) whether the agency's function is governmental or proprietary; (3) whether the agency is separately incorporated;

(4) whether the state exerts control over the agency, and if so, to what extent; (5) whether the agency has the power to sue, be sued, and enter contracts in its name; (6) whether the agency's property is subject to taxation; and (7) whether the state has immunized itself from liability for the agency's acts or omissions. *Metcalf*, 991 F.2d at 939–40.

 Finally, the institution or entity asserting Eleventh Amendment immunity bears the burden of proof. *Fresenius Med. Care*, 322 F.3d at 61. Furthermore, it is well settled that although the Eleventh Amendment bars suit for monetary damages against the state and its officers, it does not preclude claims for prospective equitable relief. *See Ex Parte Young*, 209 U.S. 123, 155–56, 28 S.Ct. 441, 52 L.Ed. 714 (1908); *Nieves–Márquez v. Commonwealth of Puerto Rico*, 353 F.3d 108, 123 (1st Cir.2003).

 Part of the issue in the case at bar is whether the Department of the Family and consequently, ASUME, are protected by the Eleventh Amendment. In conducting the above-stated inquiry, this District has consistently held that both the Department of the Family and ASUME are "arms of the state," thus holding that the Department and its officers are entitled to Eleventh Amendment immunity. *Infante–Escabi v. Commonwealth of Puerto Rico*, Civil No. 02–1627(PG) Slip. Op. *8 (D.P.R. February 20, 2003); *see also, Gonzalez De Blasini v. Family Dept.*, 278 F.Supp.2d 206, 210 (D.P.R.2003); *Wasko v. Commonwealth of Puerto Rico*, 185 F.Supp.2d 136, 140 (D.P.R.2002). Because we agree with this holding and the analysis of the District Court in *Infante–Escabi* we loosely quote from said opinion herein:

> The Department performs a traditional government function in the implementation of the governments's public policy on family affairs. *See* 3 P.R. Laws Ann.

App. XI, Art. III. It is a classic "arm of the state" that receives a substantial part of its funding from the state's treasury, and it does not possess the special status of a public corporation. *See id.* Any judgments against employees of the Department in their official capacities, then entails recovery from the Department and would be barred under the Eleventh Amendment. The same conclusion is reached as to ASUME. [ ... ] Thus, ASUME is an "arm of the state" and any monetary judgment against them in their official capacity would be paid by the state's treasury.

*Id.* at *8–9. Having decided that the Department of the Family and ASUME are arms of the state covered by the Eleventh Amendment immunity, we must now determine whether said immunity was abrogated by the ADA and/or Title VII.

### i. ADA

The ADA "forbids discrimination against persons with disabilities in three major areas of public life: employment, which is covered by Title I of the statute; public services, programs, and activities, which are the subject of Title II; and public accommodations, which are covered by Title III." *Tennessee v. Lane*, 541 U.S. 509, 124 S.Ct. 1978, 1984, 158 L.Ed.2d 820 (2004). Given that in the instant case Plaintiff is suing his employer, ASUME, for discrimination under the ADA, Plaintiff's claim is a Title I claim.

Although in a recent opinion the U.S. Supreme Court held that Title II, as it applies to cases implicating the fundamental right of access to the courts, constitutes a valid exercise of Congress' authority to abrogate states' Eleventh Amendment immunity, this is not the case for claims under Title I of the ADA. *See Id.* at 1992–94. In making this distinction, the U.S. Supreme Court pointed to its previous

**6**

finding that the "overwhelming majority" of the evidence of discrimination by the States against persons with disabilities pertains to the provision of public services and public accommodations, which are covered by Title II and Title III of the ADA. *Id.* at 1987 (*quoting Fla. Prepaid Postsecondary Ed. Expense Bd. v. College Savings Bank*, 527 U.S. 627, 642 n. 7, 119 S.Ct. 2199, 144 L.Ed.2d 575 (1999)); *see also, Navedo v. Maloney*, 172 F.Supp.2d 276, 287 (D.Mass.2001). Thus, the U.S. Supreme Court in *Board of Trustees of the University of Alabama v. Garrett*, unequivocally held that state employees' suits to recover money damages under Title I of the ADA continue to be barred by the Eleventh Amendment. *Id.* at 374. *See e.g., Kvorjak v. Maine*, 259 F.3d 48, 50 n. 1 (1st Cir.2001); *Navedo*, 172 F.Supp.2d at 287. Since, the First Circuit has cited *Garrett* in approval. *Fresenius Med. Care*, 322 F.3d at 64.

The law is clear. In the instant case the Department of the Family/ASUME and Co-defendant Zayas seek dismissal of Plaintiff's monetary claims since they are immune from such claims under the Eleventh Amendment. We agree. Accordingly, Co-defendants' motion to dismiss is **GRANTED** in regards to Plaintiff's monetary claims under Title I of the ADA. Therefore, Plaintiff's monetary claims under Title I of the ADA are **DISMISSED WITH PREJUDICE.**

### ii. Title VII

■ Although Co-defendants have requested dismissal of all of Plaintiff's monetary claims against them, they have inadvertently failed to connect their argument with Plaintiff's retaliation claims under Title VII. However, it is well settled that the Eleventh Amendment immunity does not protect the defendant(s) under cause(s) of action under Title VII of the Civil Rights Act. *Fitzpatrick v. Bitzer,* 427 U.S. 445, 447, 96 S.Ct. 2666, 49 L.Ed.2d 614 (1976) (Eleventh Amendment is limited by the enforcement power under §§ 5 of Fourteenth Amendment to enforce the Fourteenth Amendment's substantive provisions, in this instance, sexual discrimination); *see also, Seminole Tribe of Fla. v. Florida,* 517 U.S. 44, 116 S.Ct. 1114, 134 L.Ed.2d 252 (1996); *Fla. Prepaid Postsecondary Ed.,* 527 U.S. at 637, 119 S.Ct. 2199; *Nevada Dept. of Human Res. v. Hibbs,* 538 U.S. 721, 730–31, 123 S.Ct. 1972, 155 L.Ed.2d 953 (2003); *Espinal–Dominguez v. Commonwealth of Puerto Rico,* 352 F.3d 490, 494 (1st Cir.2003). Following the holding in *Fitzpatrick,* Co-defendants' motion is **DENIED** with regards to Plaintiff's Title VII retaliation claim against them.

### Conclusion

For the reasons set herein, Co-defendants' motion to dismiss is **GRANTED in part and DENIED in part.** Consequently, Plaintiff's monetary claims under the ADA will be **DISMISSED WITH PREJUDICE.** Plaintiff's claim for prospective equitable relief under the ADA and retaliation claim under Title VII remain pending. Partial Judgment shall be entered accordingly.

**SO ORDERED.**