Jose LOPEZ–RAMOS, et al., Plaintiffs

v.

MUNICIPALITY OF CATAÑO, et al., Defendants.

Civil No. 06–1958 (JP).

United States District Court, D. Puerto Rico.

Feb. 21, 2008.

José J. Santos–Mimoso, Esq., San Juan, PR, Raúl A. Candelario–López, Esq., Bayamón, PR, for Plaintiffs.

Antonio Bauzá–Torres, Esq., Hato Rey, PR, Javier Quiñones–Rosado, Esq., Levittown Station, María Judith Surillo, Esq., Valerie Maldonado–Rivera, Esq., María Maury–Soto, Esq., Iris Alicia Martínez–Juarbe, Esq., Department of Justice, San Juan, PR, for Defendants.

### OPINION AND ORDER

JAIME PIERAS, JR., Senior District Judge.

Before the Court are two motions to dismiss, the first brought by Defendant Commonwealth of Puerto Rico (No. 20), and the second by Defendant Municipality of Cataño (No. 30). Plaintiffs José López–Ramos and Noemí López–Hernández brought the instant action against Defendants after López–Ramos was caught in police officers' gunfire directed towards a burglary suspect. The officers inadvertently shot López–Ramos in both the right ankle and right buttock. Defendant Commonwealth of Puerto Rico moves to dismiss the instant case on the basis of immunity under the Eleventh Amendment of the U.S. Constitution, U.S. Const. amend. XI. Defendant Municipality of Cataño moves for dismissal, arguing that Plaintiffs cannot prove liability under 42 U.S.C. Section 1983. For the reasons stated herein, Defendant Commonwealth of Puerto Rico's motion (**No. 20**) is **GRANTED**; and Defendant Municipality of Cataño's motion (**No. 30**) is **GRANTED IN PART AND DENIED IN PART.**

### I. LEGAL STANDARD FOR MOTIONS TO DISMISS

According to the Supreme Court, a "court may dismiss a Complaint only if it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations." *Swierkiewicz v. Sorema N. A.*, 534 U.S. 506, 512, 122 S.Ct. 992, 995, 152 L.Ed.2d 1 (2002). According to the First Circuit, a court must "treat all allegations in the Complaint as true and draw all reasonable inferences therefrom in favor of the plaintiff." *Rumford Pharmacy, Inc. v. City of East Providence*, 970 F.2d 996, 997 (1st Cir.1992). A complaint sufficiently raises a claim "even if it points to no legal theory or even if it points to the wrong legal theory as a basis for that claim, as long as relief is possible under any set of facts that could be established consistent with the allegations." *González–Pérez v. Hospital Interamericano de Medicina Avanzada*, 355 F.3d 1, 5 (1st Cir.2004). Under Federal Rule of Civil Procedure 8(f), "[a]ll pleadings shall be so construed as to do substantial justice."

## II. FACTUAL ALLEGATIONS

Plaintiffs allege that on February 22, 2006, around noon, Plaintiff López–Ramos was walking on the sidewalk of San Lorenzo Street in Cataño, heading in the direction of Bolívar Street. At the same time, several Municipal and Puerto Rico Police Officers were in pursuit of a burglar suspect in the same area. While in pursuit, one or more defendant officers fired their weapons. Two bullets hit Plaintiff López–Ramos and became lodged in his right ankle and right buttock. Plaintiff López–Ramos was taken to the hospital where he underwent emergency treatment. He later received surgery for the removal of the bullet in his ankle, but the one in his buttock could not be removed.

In their motions to dismiss, neither Defendant Commonwealth of Puerto Rico nor Defendant Municipality of Cataño contest the allegations as set forth by Plaintiffs in the complaint.

## III. ANALYSIS

The Court will first turn to Defendant Commonwealth of Puerto Rico's argument that it is immune to suit under the Eleventh Amendment. The Court will then analyze whether Plaintiffs have stated a claim against Defendant Municipality of Cataño under the standard set forth in Section 1983.

### A. ELEVENTH AMENDMENT IMMUNITY

In its motion to dismiss, Defendant Commonwealth of Puerto Rico argues that it is immune from suit under the Eleventh Amendment. Specifically, Defendant Commonwealth of Puerto Rico argues that the Eleventh Amendment prohibits actions in federal court against an unconsenting state. Defendant argues that the Commonwealth of Puerto Rico has not waived

immunity, and therefore the instant case should be dismissed.

■ The Eleventh Amendment bars a suit brought in federal courts for monetary damages against states, unless the state being sued waives its immunity or consents to be sued. U.S. CONST. amend. XI. This protection renders states, including Puerto Rico, immune from claims brought in federal courts by citizens of the same or any other state. *Metcalf & Eddy v. Puerto Rico Aqueduct & Sewer Auth.*, 991 F.2d 935, 939 (1st Cir.1993).

■ There are some narrow exceptions to Eleventh Amendment immunity. One of these exceptions is when Congress has "unequivocally expresse[d] its intent to abrogate the immunity" and has acted "pursuant to a valid exercise of power." *Green v. Mansour*, 474 U.S. 64, 68, 106 S.Ct. 423, 426, 88 L.Ed.2d 371 (1985). The instant case is brought by Plaintiffs pursuant to Section 1983. However, it is well settled that Section 1983 does not override the Eleventh Amendment. *Quern v. Jordan*, 440 U.S. 332, 345, 99 S.Ct. 1139, 59 L.Ed.2d 358 (1979); *see also Spickler v. Maine*, 54 F.3d 764 (1st Cir.1995) (affirming district court opinion stating that "the enactment of § 1983 did not serve to abrogate the states' Eleventh Amendment immunity"). *See, e.g., Culebras Enterprises Corp. v. Rivera Rios*, 813 F.2d 506, 516 (1st Cir.1987) (holding that the Eleventh Amendment bars recovery of damages in a federal court against the Commonwealth of Puerto Rico). Accordingly, Defendant Commonwealth of Puerto Rico is entitled to immunity.

■ The Court briefly addresses Plaintiffs' argument regarding the Commonwealth's waiver of immunity. Plaintiffs argue that through Section 2 of Act No. 104, June 29, 1955, P.R. LAWS ANN. tit. 32, Section 3077 ("Act 104"), the Common-

wealth of Puerto Rico effectively waived sovereign immunity for claims arising out of the negligent acts of its employees or agents. However, Act 104 waives immunity for suits against the Commonwealth of Puerto Rico only in cases "before the First Instance of Puerto Rico." P.R. LAWS ANN. tit. 32, § 3077; *see also Salkin v. Puerto Rico,* 408 F.2d 682 (1st Cir.1969) (holding that in Act 104, the Commonwealth of Puerto Rico had consented to damage suits only in the Puerto Rico courts, and not in the federal courts). Hence, Plaintiff's claims against the Commonwealth of Puerto Rico as brought before this Court must be dismissed with prejudice.

■ In terms of suits against an employee in his official capacity, as in the case at bar, it has been well established that an official capacity suit against an officer is treated as a suit against the governmental entity of which the officer is an agent. *Kentucky v. Graham,* 473 U.S. 159, 166, 105 S.Ct. 3099, 3105, 87 L.Ed.2d 114 (1985); *Monell v. Dept. of Soc. Servs.,* 436 U.S. 658, 690 n. 55, 98 S.Ct. 2018, 2035 n. 55, 56 L.Ed.2d 611 (1978); *Brandon v. Holt,* 469 U.S. 464, 471, 105 S.Ct. 873, 878, 83 L.Ed.2d 878 (1985) ("a judgment against a public servant in his official capacity imposes liability on the entity that he represents ...."). Thus, because Defendant Commonwealth of Puerto Rico is dismissed from the instant suit, the Court likewise dismisses the suit against Defendant Puerto Rico employees Pedro Toledo and Daniel Reyes Colon in their official capacities only. Said Defendants remain as parties to this suit in their individual capacities.

## B. SECTION 1983 AND QUALIFIED IMMUNITY CLAIMS

Defendant Municipality of Cataño argues that the instant case must be dismissed because Plaintiff fails to state a cause of action to sustain a claim of civil rights violations. Defendant Municipality of Cataño further argues that its officers are entitled to qualified immunity.[1] Plaintiff López–Ramos argues that Defendants violated his Fourth, Fifth, and Fourteenth Amendment rights when they accidentally shot him. Section 1983 creates a cause of action against those who, acting under color of state law, violate federal constitutional or statutory law. *See* 42 U.S.C. § 1983; *City of Okla. City v. Tuttle,* 471 U.S. 808, 829, 105 S.Ct. 2427, 85 L.Ed.2d 791 (1985); *Wilson v. Town of Mendon,* 294 F.3d 1, 6 (1st Cir.2002).

■ Unlike Defendant Commonwealth of Puerto Rico, the Municipality of Cataño is a "person" under Section 1983. *Monell,* 436 U.S. at 701, 98 S.Ct. 2018; *see also Owen v. City of Independence,* 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980) (noting that by the time of the enactment of Section 1983, municipalities no longer retained the sovereign immunity they had previously shared with the States).

■ For Plaintiffs to prevail under Section 1983 against the Municipality of Cataño and its officers, Plaintiffs must first prove that López–Ramos was deprived of a right, immunity, or privilege secured by the Constitution or laws of the United States. *Parratt v. Taylor,* 451 U.S. 527,

---

**1.** It is unclear whether the motion to dismiss is on behalf of only the Municipality of Cataño, or both the Municipality and its officers. The Motion clearly states at the outset: "Comes now the [D]efendant Municipality of Cataño ... and prays as follows...." (Mot. to Dismiss 1), yet in the motion, Defendant Mu-

nicipality of Cataño advances arguments that qualified immunity should be granted to its officers. Thus, the Court will analyze its motion as applicable to both. The Court instructs Defendant Municipality of Cataño to be much clearer in future motions.

535, 101 S.Ct. 1908, 68 L.Ed.2d 420 (1981); *Baker v. McCollan,* 443 U.S. 137, 140, 99 S.Ct. 2689, 61 L.Ed.2d 433 (1979); *Voutour v. Vitale,* 761 F.2d 812, 819 (1st Cir. 1985). Second, he must have been deprived of his right, immunity or privilege, by a person acting under color of state law. *Id.*

■ The assessment of qualified immunity claims overlaps greatly with the showing required by a plaintiff when proving his Section 1983 case, and the Court will consider them together. When assessing a claim of qualified immunity, a three-part algorithm is employed. *Savard v. Rhode Island,* 338 F.3d 23, 27 (1st Cir.2003). The threshold inquiry is whether the plaintiff has established a constitutional violation. *See Savard,* 338 F.3d at 27; *see also St. Hilaire v. Laconia,* 71 F.3d 20 (1st Cir. 1995), *cert. denied,* 518 U.S. 1017, 116 S.Ct. 2548, 135 L.Ed.2d 1068 (1996). The second inquiry is whether the law was clearly established at the time of the violation. *See Savard,* 338 F.3d at 27. The final question is whether a reasonable official, situated similarly to the defendant, would have understood that the conduct at issue violated the clearly established law. *See Saucier v. Katz,* 533 U.S. 194, 202, 121 S.Ct. 2151, 150 L.Ed.2d 272 (2001).

The Court will now consider whether Plaintiffs have established their Section 1983 claims and whether Defendant Municipality of Cataño's officers are entitled to qualified immunity as to Plaintiff's constitutional rights which were allegedly violated. The Court pauses to note that in its motion to dismiss, the Municipality of Cataño does not employ the three-part algorithm to any of the constitutional violations alleged by Plaintiffs. *See Savard v. Rhode Island,* 338 F.3d at 27. Rather, it makes the blanket and general assertion that its officers are entitled to immunity because

their conduct did not violate any clearly established constitutional rights.

### 1. *Fourth Amendment Claims*

■ The Fourth Amendment to the U.S. Constitution guarantees individuals the right to be secure in their persons against unreasonable seizures of the person. U.S. CONST. amend. IV; *Graham v. Connor,* 490 U.S. 386, 394, 109 S.Ct. 1865, 104 L.Ed.2d 443 (1989). The right to be free from unreasonable seizures is clearly established. *Camilo–Robles v. Toledo–Dávila,* 151 F.3d 1, 6 (1st Cir.1998); *Santiago v. Fenton,* 891 F.2d 373 (1st Cir.1989). The facts as alleged by Plaintiff state a claim for illegal seizure of his person in the form of being shot. The First Circuit has held that "[t]here is no question that the shooting of an unarmed and harmless civilian by police officers without provocation or reason, if proved, constitutes a constitutional violation." *Martínez–Rivera v. Ramos,* 498 F.3d 3, 7 (1st Cir.2007). Although *Martínez–Rivera* involves different facts in that the alleged actions by defendants were purposeful and with malice, the Court finds the above quotation to be applicable here where officers fired their weapons in broad daylight, clearly putting civilians' lives at risk. Officials may be held liable for conduct that "reflects a reckless or callous indifference to an individual's rights." *Torres Ramírez v. Bermúdez García,* 898 F.2d 224, 227 (1st Cir. 1990), citing *Germany v. Vance,* 868 F.2d 9, 18 (1st Cir.1989); *Clark v. Taylor,* 710 F.2d 4, 9 (1st Cir.1983). It also seems reasonable to the Court that officers similarly situated to Defendant officers here would have realized that their conduct— opening fire and putting in jeopardy the lives of civilians—is in violation of the law. Thus, Plaintiffs have stated a claim for Fourth Amendment violations under Section 1983, and Defendants are not entitled to qualified immunity.

### 2. *Fifth Amendment Claims*

██ Plaintiff López–Ramos states that his Fifth Amendment rights were violated. The Court need not enter extensive analysis as to Plaintiff's Fifth Amendment claims because it has long been established that the Fifth Amendment applies to actions of the federal government, not those of private individuals, nor of state governments. *Martínez–Rivera*, 498 F.3d at 8–9. There are no federal actors present as parties in this case, nor has any federal action or lack thereof been alleged. Therefore, because the Fifth Amendment is not applicable in the instant case, Plaintiff's Fifth Amendment claims are dismissed.

### 3. *Fourteenth Amendment Claims*

██ The Fourteenth Amendment to the U.S. Constitution provides that no state shall deprive any person of life, liberty or property without due process of law. U.S. CONST. amend. XIV; *see generally Board of Regents v. Roth*, 408 U.S. 564, 569–70, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1972). The Supreme Court clearly has held that "not all actions of state officials that result in a loss of life, liberty, or property are 'deprivations' within the meaning of the Fourteenth Amendment." *Germany v. Vance*, 868 F.2d 9, 17 (1st Cir.1989), citing *Daniels v. Williams*, 474 U.S. 327, 106 S.Ct. 662, 88 L.Ed.2d 662 (1986); *Davidson v. Cannon*, 474 U.S. 344, 106 S.Ct. 668, 88 L.Ed.2d 677 (1986). A substantive due process violation is one in which officers take action that can "properly be characterized as ... conscience shocking." *County of Sacramento v. Lewis*, 523 U.S. 833, 847, 118 S.Ct. 1708, 140 L.Ed.2d 1043 (1998). The conscience-shocking standard provides relief where government officials have "abused [their] power, or employed it as an instrument of oppression." *Id.* at 846, 118 S.Ct. 1708, quoting *Collins v. City of Harker Heights*, 503 U.S. 115, 126, 112 S.Ct. 1061, 117 L.Ed.2d 261 (1992). Thus, "outside of a few narrow categories ... this means conduct that is truly outrageous, uncivilized, and intolerable." *Hasenfus v. LaJeunesse*, 175 F.3d, 68, 72 (1st Cir.1999) (citing *County of Sacramento*, 523 U.S. at 847, 118 S.Ct. 1708).

In the amended complaint, Plaintiff López–Ramos does not specifically state how Defendants' actions deprived him of his Fourteenth Amendment rights, but for purposes of construing the complaint liberally, the Court will assume that Plaintiff is alleging a substantive due process violation when his liberty was constricted as a result of the bullet wounds. Plaintiff López–Ramos alleges that he was forced to have emergency treatment and surgery for removal of one of the bullets, and he is still undergoing treatment for said condition. The other bullet is still lodged in his right buttock.

██ The Court had difficulty resolving Plaintiffs' Due Process claims, and will set forth its analysis thoroughly here. When police take to the streets in pursuit of a criminal, and open fire in such a way that innocent bystanders' lives and well-being are put at risk, such behavior could be considered outrageous, uncivilized, and intolerable. Yet, simultaneously, Defendants have not necessarily abused their power, and have not acted to oppress. *See Lewis*, 523 U.S. at 847, 118 S.Ct. 1708. Rather, while in pursuit of a criminal, they accidentally shot Plaintiff. Plaintiff does not allege that Defendants acted purposefully or with malice. The United States Supreme Court has held that, in defining conscience shocking, courts should consider that "liability for negligently inflicted harm is categorically beneath the threshold of constitutional due process" while "conduct intended to injure in some way unjustifiable by any government interest is the sort of official action most likely to rise

to the conscience-shocking level." *County of Sacramento*, 523 U.S. at 849, 118 S.Ct. 1708; *see also Daniels*, 474 U.S. at 328, 106 S.Ct. 662 (holding that the Due Process Clause is not implicated by a negligent act of an official causing unintended loss of or injury to life, liberty or property). Plaintiffs do not make any allegations that Defendants acted with the intent to injure. Rather, Plaintiffs allege "gross negligence and deliberate indifference" on the part of the officers (Am. Compl. 8). The Court holds that the allegations do not rise to the level of "conscience shocking" so as to be considered a violation of the Fourteenth Amendment. Thus, the Court will consider Plaintiffs' allegations and arguments only under the purview of the Fourth Amendment, which is more applicable here.

### IV. *CONCLUSION*

The Court **GRANTS** the Commonwealth of Puerto Rico's motion to dismiss (**No. 20**). The Court will enter judgment dismissing said party with prejudice. Because Defendant Commonwealth of Puerto Rico is dismissed from the instant case, the Court likewise dismisses Defendant Puerto Rico employees Pedro Toledo and Daniel Reyes Colon in their official capacities. Defendants Pedro Toledo and Daniel Reyes Colon remain as parties to this suit in their individual capacities.

The Court **GRANTS** Defendant Municipality of Cataño's motion to dismiss (**No. 30**) as to Plaintiffs' Fifth and Fourteenth Amendment claims, and judgment will be entered dismissing said claims with prejudice. The Court **DENIES** Defendant Municipality of Cataño's motion to dismiss on all other grounds.

**IT IS SO ORDERED.**